Macey and Others *v.* Titcombe.

*J. E. McDonald, A. L. Roache, P. S. Kennedy*, and *O. A. Bartholomew*, for the appellants.

*L. M. Campbell* and *John T. Dye*, for the appellee

---

## MACEY and Others *v.* TITCOMBE. ·

Suit on a written instrument, in these words: "*David Macey* and *James Turner* against *The City of Indianapolis* and *Daniel Titcombe*. We undertake that the plaintiffs, *David Macey* and *James Turner*, shall pay to the defendants, *The City of Indianapolis* and *Daniel Titcombe*, all damages and costs which may accrue by reason of the injunction in this action. This 30th day of October, 1859. *David Macey, James Turner, J. W. Patterson, Wm. Wilkison.* Approved by me, this 31st day of October, 1859. *John Coburn*, Judge Court Com. Pleas, M. C."

Macey and Others *v.* Titcombe.

*Held*, that in order to make it appear that the injunction was not rightfully obtained, and that Titcombe sustained legal damages from its issue, the complaint should show, affirmatively, that a legal contract for the improvement of the street was entered into by the city with Titcombe; but the complaint need not aver that the city had power to improve the streets, as the Court takes judicial notice of the existence of such power.

In suits for injunctions upon the performance of contracts for the improvement of streets in cities, and in suits upon injunction bonds arising out of them, the regularity of all the proceedings, up to the making of the contract, is open to investigation; but the judicial determination of their regularity in one, might be conclusive upon the trial as to the other suit.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Suit upon a written instrument, reading thus:

" *David Macey* and *James Turner* v. *The City of Indianapolis* and *Daniel Titcombe*.

"We undertake that the plaintiffs, *David Macey* and *James Turner*, shall pay to the defendants, *The City of Indianapolis* and *Daniel Titcombe*, all damages and costs which may accrue by reason of the injunction in this action. This 30th day of October, 1859.

" DAVID MACEY,

" JAMES TURNER,

" J. W. PATTERSON,

" WM. WILKISON.

"Approved by me, this 31st day of October, A. D. 1859.

"JOHN COBURN, Judge Court Com. Pleas, M. C.

"Filed October 31.    JOHN C. NEW, Clerk."

This instrument does not disclose the consideration upon which it was executed, and, independent of extrinsic facts, does not constitute a cause of action. The pleader, in commencing suit upon it, is aware of this, and undertakes to show the consideration. He avers that the city had made a contract with *Titcombe* for the grading and graveling a

certain street in *Indianapolis*, and that the written instrument sued on was executed upon the granting of an injunction upon the performance of the contract by *Titcombe*.

The complaint does not stop here. It undertakes to set out the facts under which the contract was executed.

Now, to make it appear that the injunction was not rightly obtained, and that *Titcombe* sustained legal damage from its issue, a legal contract for grading the street must be shown. To make such showing, it is not necessary for the complaint to aver that the city had power to improve the streets, as the Court takes judicial notice of that, the charter of the city being a public law. But it is necessary that the complaint should show that a legal contract, for the improvement of the street, was entered into by the city, with *Titcombe*. The complaint shows that the improvement in question was ordered, by the city council, to be made in the manner prescribed by the charter, and that a contract was entered into, with *Titcombe*, for making it; but it fails to show that between the ordering of the improvement, and the contracting for its execution with *Titcombe*, an advertisement for bids for its construction was published. Without such advertisement the contract was void. City Charter, sec. 66. 2 G. & H. 233. *Bonesteel* v. *The Mayor, etc.*, 22 N. Y. Court of App. 162, and cases cited.

However it may be in a suit against lot-owners to recover assessments for work done under contract, there is no doubt but that in suits for injunctions upon the performance of contracts, and in suits upon injunction bonds, the regularity of all the proceedings, up to the making of the contract, is open to investigation. If the question upon their regularity had been judicially determined in one, it might be conclusive upon the trial of the other suit. But the complaint in the suit on the bond must show a legal contract to have been enjoined.

The demurrer to the complaint, because it did not state

Vol. XIX.—18

facts constituting a cause of action, should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, with leave to amend, etc.

*N. B.* and *C. Taylor*, for the appellants.

*S. Major*, for the appellee.