The City of Logansport v. Legg.

---

20    315
143   171

### THE CITY OF LOGANSPORT *v.* LEGG.

PLEADING—IMPROVEMENT OF STREETS.—In an appeal from a precept issued for the collection of assessments for the improvement of streets in a city, the transcript must contain, amongst other things, a proper order of the common council of the city, directing the improvement to be made, and if the transcript show that the common council consisted of 10 members, and that, when the alleged order was made, there were but 9 members present, of whom but 6 voted for the order, and 3 against it, such order will be a nullity, and such transcript defective as a complaint.

APPEAL from the *Cass* Common Pleas.

DAVISON, J.—*McTaggart,* a contractor for the improvement of *Fourth* street, in the city of *Logansport,* obtained a precept against *Lyman R. Legg,* a property holder on said street, to enforce payment of an amount assessed against him, as his proportion of the cost of the improvement. *Legg* appealed to the Common Pleas.

When such appeal is taken, the charter requires the city clerk to make out and certify a full, true and complete copy

of all papers connected in any way with said street improvement, beginning with the order of the council, directing the work to be done, and contracted for, and including all notices, precepts, orders of council, bonds, and other papers filed in the matter, which transcript shall be in the nature of a complaint, and to which the appellant shall answer upon rule. Acts 1859, pp. 215–216, sec. 12. Upon the taking of the appeal, the clerk sent up and filed, in the Common Pleas, the required transcript. To this transcript, the same being in the nature of a complaint, *Legg*, the then appellant, demurred. The Court sustained the demurrer, and final judgment was rendered, &c. The city appeals to this court.

Against the validity of the proceedings before the city council, it is alleged that the transcript, as a complaint, is defective, because it fails to show any proper order of the council, directing the improvement.

The charter provides, section 66, that "When the owners of two-thirds of the whole line of lots bordering on any street or alley, in any city, shall petition to the common council to have the side walks graded and paved, or the whole width of the street graded and paved, or for either kind of improvement, or for a full improvement in general, the common council may cause the same to be done by contract, given to the best bidder, after advertising to receive proposals therefor." And section 68, declares that "The common council, with the concurrence of two-thirds of the members thereof," may order all of the improvements contemplated in the preceding section, without the petition of the owners, &c. Acts 1857, pp. 63–64.

Thus it will be seen that street improvements, such as made in this case, can not be ordered unless on petition of two-thirds of the property holders, or by a concurrence of two-thirds of the members of the common council. The transcript before us fails to show any petition for the improve-

ment. Indeed, it is conceded that none was presented to the council; and the only order directing the work to be done is thus stated in the transcript:

"Council Chamber, *March* 16, 1859.

Mr. *Taylor* moved that a committee of 3 be appointed to receive proposals for the grading and macadamizing of *Fourth* street, from *Broadway* to *North* street, which motion was adopted by the following vote, viz: The yeas and nays being ordered were, yeas, Messrs. *Taylor*, *Levien*, *Bryer*, *Mitchell*, *Tomlinson*, and *Henkee*. Nays, Messrs. *Coleman*, *Backman*, and *Ward;* and Messrs. *Taylor*, *Coleman*, and *Backman*, were appointed such committee." See 19 Ind. 344.

The order appears to have been voted for and passed, by two-thirds of the members then present, but the transcript very clearly shows that the city council of *Logansport* is composed of 10 members, and the charter, as has been seen, affirmatively requires the concurrence, to such order, of two-thirds of the members. As the order in question was concurred in by only 6 members, and that number not being two-thirds of the city council, it must be deemed a nullity. *Kile* v. *Malin*, 8 Ind. 34. And the order being thus inoperative, the proceedings subsequent to it can not be maintained.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. D. Pratt* and *D. P. Baldwin*, for the appellants.