## BROOKBANK *v*. THE CITY OF JEFFERSONVILLE, FOR THE USE OF SWEENY ET AL.

CITY.—*Street Improvement.—Transcript.—Advertisement.*—The transcript on an appeal from a precept to enforce an assessment for a street improvement must show an advertisement for proposals to do the work.

SAME.—*Quorum of Council.*—The transcript must also show a quorum of the common council present at the meetings mentioned therein.

SAME.—*Remonstrance.*—A remonstrance against the proposed improvement is not a part of the transcript.

SAME.—*Constitutional Law.—Manner of Sale.*—The seventy-first section of the act for the incorporation of cities, directing the manner of sale of property for a street improvement, is not in conflict with section twenty-two of article four of the constitution, prohibiting special legislation regulating the practice in courts of justice.

SAME.—*Finding of Court.—Amounts and Dates.*—The finding of the court should show the dates and amounts of the several assessments, and from such finding the sheriff can calculate the interest to the date of the sale.

SAME.—*Costs.*—The costs which accrue upon an appeal from a precept, except the costs of the sale, should be adjudged against the losing party personally.

APPEAL from the Floyd Common Pleas.

BUSKIRK, J.—This was an appeal from a precept to enforce the collection of an assessment for street improvements. By the consent of the parties, the venue was changed from Clark to Floyd county.

The appellant demurred to the complaint. The demurrer was overruled, and this ruling is assigned for error here.

The first objection urged to the complaint is, that it does not affirmatively show that the contract was awarded to the best bidder, after advertising to receive proposals therefor, or that there was any advertisement for proposals to do the work.

This objection is fatal. We have decided upon mature consideration that a contract for a street improvement is void unless there has been an advertisement for proposals to do the work. *McEwen* v. *Gilker*, 38 Ind. 233; *Moberry* v. *The City of Jeffersonville*, 38 Ind. 198.

We have adhered to the rulings in the above cases in several subsequent cases. The question should be regarded as settled.

The next objection urged to the complaint is, that it does

not appear from said transcript or complaint that at any of the meetings of the common council of the city of Jeffersonville, mentioned in said complaint, a quorum of said common council was present, and that, therefore, it does not appear that any of the acts or proceedings in relation to the improvement of Maple street, set forth in said complaint, were the lawful acts or proceedings of said common council.

The precise question presented was involved and decided adversely to the appellee in the case of *Moberry* v. *The City of Jeffersonville, supra.* The objection is well taken.

The third objection to the complaint is, that it appears therefrom that a remonstrance was filed to the making of said improvement, after the adoption of the order directing the work to be done, and that such remonstrance does not constitute a part of the transcript.

It is insisted by appellant that such remonstrance was one of the "papers filed in the matter" within the meaning of section 71 of the act for the incorporation of cities, and should have been copied into the transcript, which stands as a complaint.

It is provided in said section, that the transcript or complaint, in such a case as this, shall contain "a true and complete copy of all papers connected in any way with the said street improvement, beginning with the order of the council directing the work to be done and contracted for, and including all notices, precepts, orders of council, bonds, and other papers filed in said matter." 3 Ind. Stat. 101.

In our opinion, the objection is untenable. We know of no law authorizing or permitting the filing of a remonstrance against the making of a street improvement. Such a remonstrance could not, therefore, be regarded as a paper filed in the matter. The council was not required to take any action upon such remonstrance. If a remonstrance can be filed at all, it is only advisory. The filing of it imposes no duty, and requires no action, on the part of the common council.

The court erred in overruling the demurrer to the complaint.

The second error assigned is based upon the action of the court in overruling the motion for a new trial. The evidence is not in the record, and, consequently, the question sought to be raised is not before us.

The third error assigned is, that the court below erred in overruling the motion of appellant for a modification, both in form and substance, of the judgment rendered. This motion is made a part of the record by a bill of exceptions.

The first objection urged to the judgment is, that it provides that the sale of the property shall be by sale at auction "upon or near the said premises, or in the city court room of the said city of Jeffersonville."

The seventy-first section of the city charter provides, that "every such sale shall be by public auction, and upon or near the premises, or in the city court rooms of said city." 3 Ind. Stat. 105, sec. 71.

It is contended by counsel for appellant that section 71, so far as it attempts to regulate the practice in the court of common pleas in such cases as this, is a special law regulating the practice in courts of justice, and is in conflict with section 22 of article 4 of the constitution.

The learned counsel have not referred us to any adjudged case, nor have they furnished any argument in support of their position. We are not prepared to hold that such provision comes within the prohibition of section 22 of article 4 of our constitution. The law is not special, but is general so far as it relates to the sale of property for the payment of assessments for street improvements. It applies to all the cities that are governed by the general charter.

The second exception taken to the judgment is, that it provides for the payment of interest on the judgment, instead of on the assessment from the date of the estimate.

At the date of the judgment there was due upon the assessment the sum of one hundred and sixty-eight dollars and five cents of principal, and the sum of thirty-two dollars and ninety-five cents interest thereon from the date of the estimate. The judgment was rendered for the aggregate of the

two sums, being two hundred and one dollars. The appellant claims that the judgment should have been for one hundred and sixty-eight dollars and five cents, with interest from the date of the estimate; in other words, that the court had no right to render judgment for the principal and interest due at the time of the rendition of such judgment, thus counting interest upon interest.

It is provided by section seventy-one of the city charter, that "the proceeds of any such sale [shall] be applied as follows, to wit: First, to the payment of such assessment, with interest thereon from the date of such estimates, and all costs accrued thereon by reason of said sale."

It is further provided in section seventy-one, that, "in case the court and jury shall find upon trial that the proceedings of said officers subsequent to said order directing the work to be done are regular, that a contract has been made, that the work has been done, in whole or in part, according to the contract, and that the estimate has been properly made thereon, then said court shall direct the said property to be sold and conveyed."

The court is required to find the above facts, and upon such finding, an order for the sale of the property is to be made. The court is not required to render a judgment for the amount found due, but when it finds that the estimate has been properly made, the finding shows the amount due upon such estimate.

Said section, as we have shown, provides for the application of the proceeds of such sale. The proceeds are to be applied, first, to the payment of the assessment, with interest thereon from the date of such estimates. The finding of the court should show the dates and amounts of the several estimates; and when these things are shown, the sheriff can compute the interest on such estimates to the time of the sale. We think the court erred in rendering a judgment for the principal of the estimates and the interest due thereon from the dates of such estimates, for by so doing the interest was compounded.

The last objection urged to the judgment is, that it provides for the payment of the costs of the action, when the statute only provides for the payment, out of the proceeds of such sale, of all costs accrued thereon by reason of such sale.

We think that the costs which accrue upon the appeal from the precept, except the cost of making the sale, should be adjudged personally against the losing party. The cost of making the sale is to be paid out of the proceeds of the sale of the property. See section seventy-one of city charter, 3 Ind. Stat. 101.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint, and for further proceedings, in accordance with this opinion.

*G. V. Howk* and *W. W. Tuley*, for appellant.

*J. H. Stotsenburg* and *S. S. Johnson*, for appellee.