THE RISING SUN AND HARTFORD TURNPIKE COMPANY *v.* HAMILTON.

TURNPIKE.—*Assessment.*—*Appeal.*—*Issue.*—On an appeal from an assessment for benefits that would result to lands from the construction of a turnpike, the statute does not contemplate a demurrer to the assessment, or that any pleading will be filed. The issue between the parties in such case is the amount of the assessment, and that issue may be tried by a jury.

From the Dearborn Circuit Court.

*J. K. Thompson, S. R. Downey,* and *D. T. Downey,* for appellant.

OSBORN, J.—This was an appeal by the appellee to the Ohio Circuit Court from an assessment made against his lands, for benefits that would result to such lands from the construction of the road of the company. The venue was changed to the Dearborn Circuit Court.

Section 8 of an act authorizing the assessment of lands for plank, etc., road purposes, etc., approved May 14th, 1869, 3 Ind. Stat. 540, authorizes any person feeling aggrieved by any such assessment to appeal therefrom to the circuit court of the county in which the lands are situate within sixty days after the filing of the assessment with the county auditor, without filing any appeal bond. It provides that after such appeal shall have been taken, and the papers therein shall have been filed in the court to which the appeal has been taken, either party may have the question of such assessment submitted to a jury for reassessment, when and where witnesses may be examined on behalf of the company or person, "and the jury may, by direction of the court, be required to review the premises in controversy, and upon such review, and the evidence adduced in court, shall reassess the benefits to such lands, if any there be, and such reassessment and report thereof by such jury, shall be final between the parties."

Section 9 of the same act provides that to constitute an appeal, it shall only be necessary for the party desiring

to appeal to file with the auditor in whose office the assessment is filed a written notice of his intention to do so, stating in the notice the particular portions of the assessment he appeals from ; and it shall be the duty of the auditor to make out and certify a transcript of such notice, and so much of the assessment as may be applicable to the appeal, which transcript shall, by the party appealing, be filed in the office of the clerk of the court, and the appeal shall be deemed to have been taken on the day of the filing of the transcript.

The appellee, Hamilton, filed a notice of his intention to appeal, and procured a transcript of such notice and so much of the assessment as he sought to appeal from to be made out and certified by the auditor, and filed it in the office of the clerk of the Ohio Circuit Court. The appeal was docketed by the clerk with the name of Hamilton as the plaintiff, and the turnpike company as defendant, and all the proceedings were had in the cause under that title.

After the venue was changed to Dearborn county, Hamilton filed a demurrer to the assessment for the following grounds : Because the assessment of benefits contains no valid description of his lands; because the assessment does not state facts sufficient to enable the turnpike company to enforce the assessment or to have a reassessment of the benefits resulting from the construction and maintenance of its road; and because the complaint and assessment of benefits do not state facts sufficient to constitute a cause of action.

The demurrer was sustained, and a judgment rendered that the assessment was void and inoperative for want of a valid description of the lands of Hamilton, and for costs. Proper exceptions were taken to the rulings of the court.

The errors assigned call in question the action of the court in sustaining the demurrer and rendering judgment that the assessment was void.

We are satisfied that the statute does not contemplate a demurrer to the assessment, or that any pleadings will be filed. The appeal is from the assessment. The appellant

feels aggrieved by the amount assessed against his lands by the assessors, and therefore appeals. The issue between the parties is the amount of the assessment. That issue may be tried by a jury, in the manner specified in the act. They are to assess the benefits to the lands and report such reassessment to the court. Their verdict, or reassessment and report, shall be final between the parties.

The practice in cases of appeals from assessments for street improvements in cities is not applicable. In those cases, the act provides that the transcript shall be in the nature of a complaint, to which the appellant shall answer as upon a rule. 3 Ind. Stat. 101, sec. 71 ; *The City of Logansport* v. *Legg*, 20 Ind. 315 ; *Moberry* v. *The City of Jeffersonville*, 38 Ind. 198 ; *McEwen* v. *Gilker*, 38 Ind. 233–41. By the act under which the appeal in this case was taken, it is provided that the appeal may be taken by filing a notice with the auditor, whose duty it is to make out and certify a copy of the notice and so much of the assessment as may be appealed from. After the appeal has been taken and the papers filed in the court to which the appeal has been taken, either party may have the question of the assessment submitted to a jury for a reassessment. There is no complaint or anything in the nature of a complaint to plead or answer to. · There should be no pleadings in the case. See *Kellogg* v. *Price*, 42 Ind. 360 ; *The Foster's Branch Ditching Company* v. *Makepeace, ante,* p. ·226.

We do not deem it necessary to indicate what should be the practice, where an appeal is taken from a void assessment. Whether the appeal should be dismissed on the ground that the appellant could not be aggrieved by an assessment which is void on its face, or whether a defect in the description of the land can be corrected on appeal by the reassessment and report of the jury, or otherwise, are questions not before us, and we do not decide them.

The said judgment of the Dearborn Circuit Court is reversed, with costs. The cause is remanded, with instructions to

said court to disregard the demurrer to said assessment, and for further proceedings in accordance with this opinion.

DOWNEY, C. J., was absent.