## MERRILL v. ABBOTT.

CITY.—*Street Improvements, Order for.— Common Council.*—Before the common council of a city, incorporated under the general law of this State, can proceed to advertise for proposals and to let a contract for the improvement of any street of such city, there must first be an order of said council for the improvement of such street, adopted by a sufficient vote and entered of record as a part of the proceedings relating to such street improvement. It is immaterial whether such order shall be by ordinance, by resolution or by a simple order in writing, but it must be sufficient in its terms.

SAME.—*Requisites of Order for Street Improvements.*—An order for a street improvement must, in appropriate terms, either ordain, resolve or declare that the street to which it refers shall be improved, specifying the nature, character or plan of the proposed improvement, in such a way as to give at least a general direction as to the letting of the work and the execution of the contract contemplated by such order.

SAME.—*Insufficient Order.*—Resolutions "That, in the opinion of this council, the present condition of Main street, from," etc., " to," etc., " is not only a public nuisance, but detrimental to the interests of the city," and " That the city engineer be and is hereby instructed to advertise for bids for grading and gravelling the said Main street, from," etc., " to," etc., "including sidewalks ; said work to be done at the several property holders' expense on the line of said work ; bids to be read at our next regular meeting," do not constitute a proper order for the improvement of such street.

From the Vigo Circuit Court.

*I. N. Pierce, S. B. Davis* and *S. C. Davis,* for appellant.

*W. E. Hendrich* and *J. G. Williams,* for appellee.

NIBLACK, J.—This was a proceeding to recover the value of certain street improvements, under sections 68, 69, 70 and 71 of the act to provide for the incorporation of cities, approved March 14th, 1867. 1 R. S. 1876, p. 267.

The city engineer of the city of Terre Haute, on the 9th day of April, 1874, claiming to act under the authority of certain resolutions of the common council of that city, adopted two days previously, gave notice by publication in a newspaper, that sealed proposals would be received by said common council,at its next regular meeting,for grading and gravelling so much of Main street of said city as lies

between Tenth and Fourteenth streets, including the gravelling of the sidewalks, according to plans and specifications then on file in the office of said engineer.

At such next regular meeting the common council awarded the contract for the proposed grading and gravelling to Joseph Abbott, the appellee, who, after giving bond, proceeded with the work, and completed it in due time, receiving some partial estimates as he progressed with the work, and a final estimate after the completion of his contract. This final estimate was approved by the common council and assessed proportionately against the lots and parcels of ground fronting on the work done by the appellee. The appellant, being the owner of one of these lots so assessed, and failing to pay the amount assessed against such lot, a precept was issued to the treasurer of said city of Terre Haute, commanding him to sell her said lot to pay the assessment thus standing against it. Before a sale could be made under such precept, the appellant appealed to the circuit court, where a demurrer was overruled to the transcript constituting the complaint, and where, upon a trial, there was a verdict and judgment in favor of the appellee, for the amount assessed against said lot.

The resolutions upon which the city engineer acted in advertising for sealed proposals, and upon which the contract was let to the appellee, were as follows :

" *Resolved*, That, in the opinion of this Council, the present condition of Main street, from the east line of the Vigo Woollen Mills to Fourteenth street, is not only a public nuisance, but detrimental to the interests of the city. Therefore be it further

" *Resolved*, That the city engineer be and is hereby instructed to advertise for bids for grading and gravelling the said Main street, from the east line of the Vigo Woollen Mills to Fourteenth street, including sidewalks. Said work to be done at the several property holders' expense on the

line of said work. Bids to be read at our next regular meeting."

It is well settled, that, before the common council of a city can proceed to advertise for proposals and to let a contract for the improvement of any street of such city, there must first be an order of said council for the improvement of such street adopted by a sufficient vote and entered of record as a part of the proceedings relating to such street improvement. *The City of Delphi* v. *Evans*, 36 Ind. 90, and cases there cited. Whether such order shall be by ordinance, by resolution, or by a simple order in writing, has been held to be immaterial, the only requisite in that respect being that the order shall be substantially sufficient in its terms.

It is objected that the resolutions above set out did not amount, in legal effect, to an order for the improvement of that portion of the street to which they relate, and that consequently the court below erred in overruling the demurrer to the complaint.

After a careful review of the authorities, we have come to the conclusion that this objection is well taken. We feel justified in saying that an order for a street improvement must, in appropriate terms, either ordain, resolve, or declare that the street to which it refers shall be improved, specifying the nature, character, or plan of the proposed improvement in such a way as to give at least a general direction to the letting of the work and the execution of the contract contemplated by such order.

Such an order is, in some respects, analogous to a judicial act, and ought clearly and explicitly to prescribe what it authorizes to be done as regards the contemplated improvement to which it is intended to apply.

Judged by these definitions, it is evident that the resolutions before us did not constitute a proper order for the improvements which the appellee claims he made under them, but amounted only to an authority to the engineer

of the city to advertise for bids, leaving everything else practically open for further consideration.

In the case of *The City of Logansport* v. *Legg*, 20 Ind. 315, an order similar in its purport to the resolutions under discussion was brought to the attention of this court, but it was held invalid for want of sufficient votes for its adoption, without any ruling either upon the form or the substance of the order itself. Hence that case affords no precedent against our present ruling in the case in hearing.

As a conclusion, we must hold that the court below erred in overruling the demurrer to the complaint, and that, for that reason, the judgment will have to be reversed. *Musselman* v. *Manly*, 42 Ind. 462 ; *Brookbank* v. *The City of Jeffersonville*, 41 Ind. 406 ; *Moberry* v. *The City of Jeffersonville*, 38 Ind. 198 ; *Kretsch* v. *Helm*, 38 Ind. 207 ; *McEwen* v. *Gilker*, 38 Ind. 233.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with instructions to the court below to sustain the demurrer to the complaint.

Opinion filed at May term, 1878.

Petition for a rehearing overruled at November term, 1879.