No. 8052.

## SMITH v. DUNCAN.

CITY.—*Order for Street Improvement.*—*Advisory Committee.*—*Assessments.*—The order of a city council for a street improvement must specify the nature and plan of the work in such manner as to afford a basis for letting the contract.

SAME.—*Precept.*—*Assessment.*—An order which does not specify of what wood the blocks shall be made, how they shall be laid, and to what grade, but leaves these and like particulars to the city engineer, is insufficient, and will not warrant a precept for the enforcement of an assessment.

SAME.—*Delegation of Power.*—Such delegation of the powers and duties of the council to the engineer is not permissible.

From the Marion Circuit Court.

*J. T. Dye* and *A. C. Harris,* for appellant.

*J. R. Wilson, C. W. Smith* and *J. S. Duncan,* for appellee.

Woods, J.—The appellant obtained a precept for the collection of a sum claimed to be due from the appellee for a proportionate share of the expense or price of the improvement of Meridian street in Indianapolis. Duncan appealed from the precept to the circuit court, which sustained his demurrer to the transcript of the proceedings, and gave judgment for the appellee. The appellant saved an exception and has assigned the ruling as an error.

The appellee makes two principal objections to the proceedings:

*First.* That the ordinance under which the work was done is void;

*Second.* That the assessment against the appellee is erroneous and excessive.

It is claimed that the ordinance is void, because it delegated to the city engineer the power to fix or establish the grade of the improved street, and also created a committee or agency, composed of private citizens, upon which duties were devolved which, under the law, belonged to the council and could not be delegated.

Besides its title, the ordinance consists of three sections, of which the material parts are as follows:

"Sec. 1. Be it ordained * * * that North Meridian street * * * be properly graded according to stakes to be set by the city civil engineer, and that the same be paved with wooden block pavement to the width of fifty feet from the south side of New York street to St. Clair street, and to the full width of said street between the curbing from St. Clair street to Tinker, or Seventh street, the sidewalks on either side of said street, between New York and St. Clair

streets, to be widened and properly graded to the width of twenty feet, the sidewalks or outer edge of the pavement of said street, between New York and Seventh streets, to be properly curbed with Flatrock stone, four inches in thickness, eighteen inches in width, and not less than four feet in length.  To be made and constructed according to the specifications to be furnished by the civil engineer, and under his supervision.  Provided, that the following property holders on the line of said work" [here named] "are hereby appointed an advisory committee, to act in conjunction with the committee on contracts, in awarding the contract for said work, and shall also advise with the civil engineer in drawing the specifications, and assist in superintending said work ; but the whole to be done under the direction and control of said engineer and said council ; and that the expense  *  *  be assessed," etc.

"Sec. 2.  The civil engineer is hereby directed to set the proper grade-stakes, and the city clerk is hereby directed to advertise, by publication,  *  *  that sealed proposals will be received by the common council, at its meeting to be held on the 14th day of April, 1873, for the execution of said work."

By the third section, the ordinance was declared to be in force from and after its passage.

We are not prepared to say that there was any such delegation of powers to the committee of property holders as could affect the validity of the ordinance.  Their functions were advisory merely, all powers and control being reserved to the engineer and common council.  We decide nothing on this point, however.  The following authorities, cited by counsel, may be noted:  *City of St. Louis* v. *Clemens*, 43 Mo. 395 ; *Zottman* v. *The City of San Francisco*, 20 Cal. 96 ; *The Bank of Augusta* v. *Earle*, 13 Pet. 519, 584 ; *Ex parte Winsor*, 3 Story, 411 ; Angell & Ames Corporations, 10

Smith *v.* Duncan.

ed., sec. 111 ; *Farmers' Loan, etc., Co.* v. *Carroll,* 5 Barb. 613 ; *Brady* v. *The Mayor, etc.,* 2 Bosw. 173.

In the case of *Merrill* v. *Abbott*, 62 Ind. 549, "after a careful review of the authorities," it was said : "We feel justified in saying that an order for a street improvement must, in appropriate terms, either ordain, resolve, or declare that the street to which it refers shall be improved, specifying the nature, character, or plan of the proposed improvement in such a way as to give at least a general direction to the letting of the work and the execution of the contract contemplated by such order. Such an order is, in some respects, analogous to a judicial act, and ought clearly and explicitly to prescribe what it authorizes to be done as regards the contemplated improvement to which it is intended to apply."

The ordinance in question does not conform to this rule. It is definite in but a few particulars, as that the pavement shall be of wooden blocks, shall be fifty feet wide in a part of the street, and from curb to curb in another part, and the curbing stones shall not be less than certain dimensions named ; but of what wood the blocks shall be, how they shall be laid, to what grade, and every minutia of the work, is left to be determined by the engineer. The law does not contemplate the delegation of such powers to that officer. Act of March 14th, 1867, secs. 27, 61, 68–71, 1 R. S. 1876, p. 267. Besides the citations found in *Merrill* v. *Abbott, supra,* see Dillon Mun. Corp. (2d ed.) secs. 60, 618 ; *Birdsall* v. *Clark,* 29 Am. R. 105 ; S. C., 73 N. Y. 73 ; *Thompson* v. *Schermerhorn,* 6 N. Y. 92 ; *Whyte* v. *Mayor, etc.,* 2 Swan, 364 ; *Hydes* v. *Joyes,* 4 Bush, 464 ; *Foss* v. *The City of Chicago,* 56 Ill. 354 ; *Lake Shore, etc., R. R. Co.* v. *The City of Chicago,* 56 Ill. 454 ; *Thomson* v. *The City of Boonville,* 61 Mo. 282 ; *City of St. Louis* v. *Clemens,* 43 Mo. 395 ; *City of Oakland* v. *Carpentier,*

13 Cal. 540; *State* v. *Fiske,* 9 R. I. 94; *State* v. *City of Paterson,* 34 N. J. L. 163.

It is unnecessary to consider the other points discussed by counsel.

The judgment is affirmed, with costs.