Filed Jan. 6, 1887.

---

No. 12,007.

## TABER *v.* GRAFMILLER ET AL.

CITY.—*Sidewalk.*—*Improvement.*—*Resolution.*—For a resolution adopted by the common council of a city, which is held sufficient to authorize a sidewalk improvement, see opinion.

SAME.—*Description of Improvement.*—*Sufficiency of Resolution.*—It is sufficient if the resolution provides that the improvement shall be of a designated character, and contains enough to constitute the basis for letting the contract, without specifying with particularity of detail what such improvement shall be.

SAME.—*Plans and Specifications.*—*Civil Engineer.*—*Presumption.*—It is the statutory duty of the city civil engineer to prepare plans and specifications of proposed street improvements, and it will be presumed that he prepares them in proper time and conformity to the ordinances. *Smith* v. *Duncan,* 77 Ind. 92, questioned.

SAME.—*"Street" Embraces "Sidewalk."*—The word "street" is a generic one, embracing sidewalks, and under an authority to improve streets a municipal corporation may improve sidewalks.

SAME.—*Agricultural Land.*—*Assessment.*—Land within the limits of a city, although held for agricultural purposes, is subject to local assessments for street improvements.

From the Allen Circuit Court.

*T. E. Ellison,* for appellant.

ELLIOTT, C. J.—The appellant sought by this suit to restrain the city of Fort Wayne from enforcing an assessment proposed to be made for the cost of constructing a sidewalk.

The resolution adopted by the common council reads thus:

## "A RESOLUTION

" To grade and pave with brick the sidewalks on both sides Baker street, from Webster street to Fairfield avenue:

" BE IT RESOLVED by the common council of the city of Fort Wayne (two-thirds of the members thereof concurring), that the sidewalks on both sides of Baker street, from Webster street to Fairfield avenue, be graded to a width of 10 feet, and paved with brick to a width of 6 feet; and be it further

"*Resolved* (this council hereby declaring such improvement necessary), That the costs and expenses thereof be assessed against, and collected from, the owners of lots or lands bordering on said sidewalks, according to the provisions of sections 68, 69, 70 and 71 of the act of the General Assembly of the State of Indiana, approved March 14th, 1867, for the incorporation of cities, and that said improvement shall be made under the supervision, and to the satisfaction, of the city civil engineer, and in accordance with plans and specifications on file at the office of said engineer; and be it further

"*Resolved*, That the city civil engineer set the proper stakes, and advertise for two days in each of two successive weeks, in the Fort Wayne Daily Sentinel and Tri-Weekly Staats Zeitung, that sealed proposals will be received by this council, at a meeting to be held on the —— day of———, 188–, for the execution of said work."

We think that this resolution was sufficient to authorize the improvement described in it. We do not understand that it is necessary to describe the character of the improvement in detail, but we think that it is sufficient to provide that the

improvement shall be of a designated character, without specifying with particularity of detail what it shall be.

We do not regard the case as within the rule declared in *Smith* v. *Duncan*, 77 Ind. 92, for there is here no delegation of authority ; nor is it within the decision made in *Merrill* v. *Abbott*, 62 Ind. 549, for there is here a specification of the nature of the work which it is ordered shall be done at the expense of the property-owners.

There is here, what was said in *Merrill* v. *Abbott, supra,* to be necessary, " a general direction as to the plan of the work," for the resolution clearly implies that there is an existing grade properly established    *Wren* v. *City of Indianapolis,* 96 Ind. 206, see p. 218.    There is certainly enough in the resolution to constitute a basis for letting the contract, and this, as decided in *Merrill* v. *Abbott, supra,* is what the law requires.

The fact that no plans or specifications were on file in the office of the city engineer, at the time the resolution was adopted, did not vitiate the resolution, for nothing was delegated to him, nor any discretion that ought to be exercised by the common council confided to him.    The presumption is that such plans and specifications were on file in time to permit proper bids to be made, and that they conformed to the ordinances of the common council.    It must be presumed that the engineer did his duty, and prepared proper plans and specifications conformably to the city ordinances.    We concur fully in the doctrine declared in *Ray* v. *City of Jeffersonville*, 90 Ind. 567, that the duty of preparing plans and specifications is a ministerial one, vested by law in the engineer.

It is no part of the duty of the common council to prepare plans and specifications, for the law expressly devolves that duty upon the civil engineer.    R. S. 1881, section 3073.    The common council can no more perform the duties of the civil engineer than can he perform the duties of the common council, for the fundamental law prescribes the duties of city officers, and must be obeyed.    If the case of *Smith* v. *Duncan,*

supra, can be said to conflict with this view, then, to that extent, it is not approved.

Where the ordinance or resolution specifies that the pavement shall be of brick, it is sufficiently certain, for the just and reasonable implication is, that the brick shall be paving brick of the kind ordinarily used. It would serve no useful purpose, nor benefit the property-owners, to specify in detail the size and quality of the brick, and it would impose a needless burden upon the municipal corporation, and invite profitless litigation.

The word "street" is a generic one, and embraces sidewalks. Under an authority to improve streets, a municipal corporation may improve sidewalks. *City of Kokomo* v. *Mahan*, 100 Ind. 242; *State* v. *Berdetta*, 73 Ind. 185 (38 Am. R. 117); 2 Dillon Munic. Corp. (3d ed.), section 780, n. 1.

Land within the limits of a city, although held for agricultural purposes, is subject to local assessments for street improvements. The statute on the subject of taxing such lands does not apply to assessments for the cost of improving streets on which the land abuts. *Leeper* v. *City of South Bend*, 106 Ind. 375; *Kalbrier* v. *Leonard*, 34 Ind. 497.

We have examined and decided only such questions as have been presented to us, and our decision is authoritative upon no others.

Judgment affirmed.

Filed Jan. 11, 1887.