Moberry *et al. v.* The City of Jeffersonville *et al.*

———————————

MOBERRY ET AL. *v.* THE CITY OF JEFFERSONVILLE ET AL.

CITY.—*Street Improvement.—Appeal from Precept.—Transcript.—*On an appeal from a precept issued by order of the common council of a city for the collection of an assessment for the improvement of a street, although no question of fact can be tried which arose prior to the making of the contract for the improvement under the order of the council, the transcript must show a

Moberry *et al. v.* The City of Jeffersonville *et al.*

substantial compliance with the statute in all the essential steps required to be taken by the common council and the officers of the city; and if it fail to do so, it will be· held insufficient on demurrer.

SAME.—When an improvement is ordered by the common council, without a petition, the transcript must show affirmatively that the improvement was ordered by a vote of two-thirds of all the members of the council.

SAME.—The transcript must show that the letting of the contract for the improvement was properly advertised.

SAME.—It must appear from the transcript that the bids were submitted or reported to the common council, and that the contract was awarded upon one of the bids.

SAME.—Where it does not appear from the transcript that, on the line of the improvement ordered, there are public grounds, or street or alley crossings, it is not necessary that the transcript should show that provisions have been made for the payment by the city for street or alley crossings, or for improvements in front of public grounds.

SAME.—*Judicial Notice.*—A court will not take judicial knowledge of the number of wards into which a city is divided.

SAME.—*Question of Fact.*—Whether a street which has been improved was or was not a street of the city whose common council has ordered the improvement, is a question of fact which cannot be tried on an appeal from a precept; and the fact that the party against whom the precept issued was a non-resident of the State, and had no notice of the making of the order for the improvement, or of the contract, will not change the rule.

APPEAL from the Floyd Circuit Court.

DOWNEY, J.—This was an appeal from a precept issued by the order of the common council of the city of Jeffersonville to collect an assessment for the improvement of "French street, from Maple street to the corporation line," made against the real estate of the appellants, fronting on said street. In the circuit court, the appellants demurred to the transcript, for the reason that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and the appellants excepted.

The appellants then answered in four paragraphs. The first was the general denial, and was afterward withdrawn. The second was, in substance, that at the time of the adoption of the order for the improvement ·of said supposed street, and at the date of the contract, there was no such street or highway in said city as the said supposed street called French street.

Third, that at the time of the adoption of the resolution by the common council of said city, and at the date of the contract for the improvement of said supposed street, as set out and contained in said transcript, the strip of ground in said city of Jeffersonville usually called French street was a strip of ground thirty feet wide, in the extreme eastern portion of said city, commencing on the north side of Maple street, and running northwardly therefrom, the same width, about one thousand five hundred and fifty feet; that the northern end of said strip of ground abutted immediately on private property, and that there was no outlet whatever from said strip of ground at its northern end, or on either side thereof, except over private property, and that the said strip of ground described as aforesaid was and is the same identical strip of ground usually called French street, and referred to and called by that name in all of the proceedings set forth and contained in the said transcript or complaint.

Fourth, by way of cross complaint against the said city of Jeffersonville and the said Charles E. Clark, for whose use and benefit this action or proceeding is now prosecuted, these defendants complain and say that in the above entitled cause, the said city, for the use aforesaid, threatens to collect, and is about to proceed by levy and sale, by virtue of a pretended precept on certain real estate of the defendants, to collect a pretended assessment on said real estate for the sum of one thousand five hundred and thirty-four dollars and eighty-five cents, by order of the common council of said city, for the alleged improvement of a strip of ground in said city usually called French street, which assessment these defendants verily believe to be oppressive, unjust, and illegal; and they further aver that the said strip of ground known as aforesaid, at and before the time of the alleged adoption by the common council aforesaid of the resolution or order for the improvement of said supposed street, as set out in the complaint or transcript herein, and at the date of the alleged contract for the improvement aforesaid, which is also set out in said complaint or transcript, was a strip of ground

Moberry *et al. v.* The City of Jeffersonville *et al.*

thirty feet wide in the extreme eastern part of said city, commencing on the north side of Maple street and running thence northward about one thousand five hundred and thirty feet, of the same width, without any outlet whatever at the northern end 'or on either side thereof, except over private property; and that the lots of ground on either side of said supposed street and fronting thereon, and the lots of ground owned by the defendants, described in said complaint or transcript, are not lots of the ordinary size and form of city lots in said city, but each contained from one to five or more acres; and that the alleged improvement of said supposed street was not made upon the petition of the property owners, or for the benefit of the property fronting thereon; and the same was made without petition of the owners or others, and on the mere motion of said common council as an arbitrary act or resolution of said common council, and for the common and general use, benefit, and convenience of the resident inhabitants of said city generally, and to give them a good and more pleasant and convenient roadway to a public cemetery situated near the northern terminus of said supposed street; and that at and before the time of the adoption of said resolution by said common council, and of the making of said contract for the improvement of said pretended street, the defendants, and each of them, were, and ever since have been, actual residents of the State of California, and had no knowledge whatever of the adoption thereof, or of the intention of said common council in that behalf, or of the making of said contract, or of the actual making of said improvement, until long after the making and execution of said contract, and a large amount of the work on said improvement had been done; and they never did approve or consent to the same; and that immediately after receiving actual notice or knowledge of the action of said common council and the making of said contract, these defendants wrote to their agent in Jeffersonville, hitherto employed by them for other purposes, and to attend to their interests in other matters, and directed said agent to employ

counsel for them, and to resist and prevent, if practicable, the making of said improvement; and that before their letter of instruction to their said agent was received by him, and before the proper legal proceedings could be instituted by him to prevent or enjoin the making of said improvement, the same was nearly, if not quite, completed, and there was no remedy left to these defendants, as they are informed, except an appeal from the precept aforesaid, and such relief as may be had upon such appeal, and such application as may be addressed to the court for appropriate equitable relief; and in the prosecution of such remedies, they have been diligent ever since; and they further aver, and are ready to prove, that said improvement and the conduct of said city in the premises were oppressive, unjust, illegal, and inequitable, and violated and were a manifest outrage upon the legal and equitable rights of these defendants, and as to these defendants, said pretended assessment ought not to be enforced or collected, and said attempt to enforce or collect the same by said precept or otherwise, as against these defendants ought to be forever restrained and enjoined; and these defendants, therefore, pray judgment accordingly, etc.

The plaintiffs demurred to the second, third, and fourth paragraphs of the answer, separately, for the reason that they did not state facts sufficient to constitute a defence. These demurrers were all sustained; the defendants excepted; and final judgment was rendered against them.

The only questions presented by the assignments of error are as to the correctness of the action of the court in overruling the demurrer to the complaint or transcript, and in sustaining the demurrers to the paragraphs of the answer.

We have come to the conclusion that on an appeal from a precept in such a case as this, although no question of fact can be tried which arose prior to the making of the contract for the improvement under the order of the council, the transcript must show a substantial compliance with the

statute in all the essential steps required to be taken by the common council and the officers of the city, and that if it fail to do so, it will be held insufficient on demurrer. *McEwen* v. *Gilker, post,* p. 233. We are required, therefore, to examine the transcript in this case for the purpose of determining whether it shows a substantial compliance with the statute or not. The first objection urged against it is, that it does not show that the resolution of the council directing the improvement was adopted by two-thirds of the council, as required by section 70 of the act in regard to cities. As the improvement was ordered without petition, it could only be legally done by a vote of two-thirds of the members of the council; and this fact should affirmatively appear in the transcript on appeal. By two-thirds is meant, we suppose, two-thirds of all those holding the office of councilman in the city at the time, and not merely two-thirds of those who may be present at the meeting at which the order, resolution, or ordinance was passed. The transcript shows that nine councilmen voted for the resolution in this case, and one against it.

The law provides for the election of two councilmen in each ward, but it does not specify the number of wards into which a city shall be divided. This depends upon the action of those to whom the duty is confided by the law. It is not a matter of which we can have judicial knowledge. We cannot, therefore, see that the resolution in this case was adopted by the requisite number of votes to make it legal, because we do not know, and are not informed as to how many wards there are in Jeffersonville; nor is it stated that those who voted for the resolution constitute two-thirds of the councilmen.

It is objected to the resolution that it orders the work to be done at the expense of the owners of the lots or parts of lots fronting or bordering upon the line of said French street, etc., and makes no reference to the liability of the city to pay for so much thereof as is occupied by the public grounds and crossings of streets and alleys, according to

section 69. But this objection may be answered, we think, by saying that it does not appear that there are, on that part of the street to be improved, any such public grounds, or street or alley crossings.

Another objection made to the transcript is, that it is not shown that the letting of the contract was properly advertised. This objection is well taken. There is an advertisement or notice copied into the transcript, dated the 11th of July, 1867, limiting the time for receiving bids till the 15th of the same month at twelve o'clock, M.; but it does not appear that it was ever posted up or published in a newspaper for any length of time. The statute, while it requires notice to be given, does not specify the length of time during which it shall be given, nor the manner of giving it. Perhaps a reasonable time would be implied. Here were four days notice, assuming that the notice was published at its date, which for the letting of a contract for work amounting to seven thousand nine hundred and thirty dollars and ten cents, no emergency appearing, would seem to be unreasonably short. But, without deciding anything as to the length of time, the failure to show that the notice was ever posted up or published, must, we think, be a fatal defect in the proceeding.

Again, it does not appear that the bids were submitted to the common council, or that the work was let to the best bidder, or to any bidder. The purpose of advertising would seem to be entirely defeated if one who was not the best bidder, or not a bidder at all, may receive the contract, or receive it on a private letting. In *The City of Indianapolis* v. *Imberry*, 17 Ind. 175, this court said that, "the bids for the work must, under the general law for the incorporation of cities, be reported to the council, and that body must award the contract upon one of them; which contract must be in writing, and must be filed with the proper officer. This is plainly inferable from sections 66, 67 and 68 of the charter."

We are of the opinion that, for these reasons, the demur-

Moberry *et al. v.* The City of Jeffersonville *et al.*

rer to the complaint or transcript should have been sustained.

The question attempted to be raised by the second, third, and fourth paragraphs of the answer is a question of fact; that is, the question whether there was or was not such a street as French street. By the first proviso to section 71 it is expressly enacted, "that no question of fact shall be tried which may arise prior to the making of the contract for the said improvement under the order of the council; and in case the court and jury shall find upon trial," on an appeal from the precept, "that the proceedings of said officers subsequent to said order directing the work to be done are regular, that a contract has been made, that the work has been done, in whole or in part, according to the contract, and that the estimate has been properly made thereon, then said court shall direct the said property to be sold and conveyed by the sheriff," etc. *Palmer* v. *Stumph,* 29 Ind. 329, and cases cited.

It is claimed by appellants that this rule cannot apply to them, for the reason that they were non-residents of the State, and had no notice of the making of the order or the contract for the improvement. But no notice is required to be given to any one, whether resident or non-resident, of the making of such order or contract, except the notice of the letting. We do not perceive that the non-residency of the appellants can change the rule. The rule is statutory, and the statute makes no exception in favor of non-residents or parties who have no notice. We think the demurrers to the second, third, and fourth paragraphs of the answer were correctly sustained. But on account of the defects in the complaint or transcript, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint or transcript.*

*G. V. Howk, W. W. Tuley,* and *M. C. Kerr,* for appellants.
*J. H. Stotsenburg* and *T. M. Brown,* for appellees.

*Petition for a rehearing overruled (PETTIT, J., dissenting).