## BAKER *v.* TOBIN ET AL.

CITY.—*Street Improvement.—Precept.*—On an appeal from a precept issued to enforce the collection of an assessment for a street improvement in a city, where the work has been ordered to be done by the common council, without a petition from the owners of property, the record must show that two-thirds of all the persons that composed the council, and not merely two-thirds of the members present at the time the vote was taken, voted for the order.

COURT.— *Judicial Notice.*—A court cannot take judicial knowledge of the number of wards, or the number of councilmen, in a city.

APPEAL from the Putnam Common Pleas.

PETTIT, C. J.—This is a case of an appeal from a precept issued by the order of the common council of the city of

Baker *v.* Tobin *et al.*

Greencastle, for the collection of an assessment claimed to be due from the appellant, as a property owner, to the appellees, as contractors, for work done upon a certain street improvement in said city, under an order of, and contract with, the common council.

The whole proceeding in relation to the street improvement was certified by the city clerk and filed in the court below, where it is made by statute to stand as and for a complaint in the case. The work was ordered to be done without a petition from the property owners; in which case the law requires that two-thirds of the council shall vote for the order for the improvement, which we construe to mean that two-thirds of all the persons who compose that body shall vote for it, and not merely two-thirds of the members who may be present, though less than the whole number may form a quorum for business. There was a demurrer to the complaint, for want of sufficient facts, overruled, exception taken, and this ruling is assigned for error. The complaint does not show that two-thirds of the council voted for the order, but only that two-thirds of those present voted for it; nor does the record disclose how many wards or councilmen there are in the city, and we cannot take judicial notice of their number. In the well-considered case of *Moberry* v. *The City of Jeffersonville*, 38 Ind. 198, a majority of this court held that the complaint must, to be good on demurrer, show affirmatively that two-thirds of all the persons composing the council voted for the order for making the improvement; and, subsequently, on full and thorough consideration, overruled an able and earnest petition for a rehearing, and we adhere to the ruling in that case and the cases there cited.

The judgment is reversed, at the costs of the appellees, with instructions to the court below to sustain the demurrer to the complaint.

I have written the above opinion to suit the opinion and judgment of my brother judges, but I do not concur in it.

I hold that no question of fact can be raised or disputed that arose before the making of the contract; and that the question of whether two-thirds of the members of the council voted for the order for the improvement, is a question of fact and not of law.

*S. Claypool* and *C. C. Matson,* for appellant.

*D. E. Williamson* and *A. Daggy,* for appellees.