## THE CITY OF LOGANSPORT ET AL. *v.* PUTERBAUGH.

CITY.—*Street Improvement.*—*Notice.*—Notice of letting a contract for a street improvement must be given for a reasonable length of time.

SAME.—*What is not Reasonable Time.*—Publishing notice in a weekly paper for the first time on the 27th day of May, and posting notices on the 27th and 28th days of May, that proposals will be received until the 4th day of June for the construction of an expensive street improvement, is not a reasonable length of time for such notice.

From the Cass Circuit Court.

*M. Winfield,* for appellants.

*S. T. McConnell, D. Turpie,* and *H. D. Pierce,* for appellee.

DOWNEY, J.—This was a complaint by Puterbaugh against the city of Logansport, the members of the city council by their individual names, the city civil engineer, and the contractor, praying for a temporary injunction against the construction of a sidewalk in front of the plaintiff's property, and for a perpetual injunction on the final hearing.

Various objections are urged in the complaint against the regularity of the proceedings resulting in the contract for the improvement, and among them it is alleged that notice as required by law for proposals to do the work was not given; that no printed or written notices were properly and legally posted in the city, nor was any publication made in a newspaper in the city as required by law.

Upon the complaint, verified by the affidavit of the appellee, a restraining order was granted, until a day in the succeeding term, at which time, after hearing the parties, a temporary injunction was granted, to continue until the final hearing of the cause. An exception was taken to the order of the court granting the temporary injunction, the evidence was put in the record by a bill of exceptions, and an appeal was taken to this court. It is here assigned as error that the temporary injunction was improperly granted.

The statute on the subject simply provides, that "the common council may cause the same to be done, by contracts given to the best bidder, after advertising to receive propo-

sals therefor." 3 Ind. Stat. 98, sec. 68. It is to be regretted that some definite and reasonable time is not fixed by law, during which the notice shall be given. It would relieve the courts from the embarrassing questions which arise relative to the time of notice.

In *Moberry* v. *The City of Jeffersonville,* 38 Ind. 198, it was said, that the statute, while it requires notice to be given, does not specify the length of time during which it shall be given, nor the manner of giving it, and that perhaps a reasonable time would be implied. But in that case, it did not appear that any notice had been either posted or published. In this case, by the notice, proposals were to be received until June 4th, 1873, at 2 o'clock P. M. The evidence is, that the notice was published two weeks in a newspaper in the city, but the days of publication are not stated. The notice bears date the 27th of May, and the two insertions of the notice must have been within eight days. It also appears that there were one hundred copies of the notice, printed in large type, posted up in conspicuous places, in the city, a part of them on the 27th, and the residue on the 28th day of May, 1873. There is nothing in the ordinances of the city, which were introduced in evidence, fixing the time or manner of the notice. It is evident that in this case the last insertion of the notice in the newspaper must have been on the day of the letting, or the day preceding it, and consequently must have been almost or quite useless. From the advertisement and the contract which are in the record, it may be inferred that the work to be done, including the property of others as well as that of the plaintiff, was such as to make competition very desirable to those who had to pay for the improvements. There was but a single bidder for the work, and the contract was awarded to him at his bid. The sidewalks were to be made of "split Berea stone of the best quality, evenly dressed, with straight edges and square corners, to be laid the entire width of the respective sidewalks of said streets, with alternate seams as shown in front of Doland's opera house, on a prepared bed of sand

eight inches in depth." The work was important and expensive, involving the labor and expense of obtaining the material from a distant point. The learned judge, who granted the temporary injunction in the circuit court, was of the opinion that the notice was not a reasonable one, under the circumstances, and, as counsel for the appellant state, granted the injunction on this ground. It is very important to property owners that notice for a reasonable time shall be given before a contract for an improvement so expensive shall be made. It is only by this means that competition can be incited, and contracts let at a reasonable price. Any disregard of this requirement is almost certain to result in favoritism and injustice. The courts cannot fix a time of notice, but can only decide cases as they may be presented, acting upon the rule intimated in *Moberry* v. *The City of Jeffersonville, supra*, that notice for a reasonable time must be given. In our opinion, we should not disturb the judgment or order of the circuit court made in this case.

The judgment is affirmed, with costs.