## YEAKEL *v.* THE CITY OF LAFAYETTE ET AL.

CITY.—*Street Improvement.*—In the advertisement of the letting of the contract for a street improvement in a city, the notice bore date May 13th, 1868, and stated that bids would be received " up to Monday evening, May 13th, 1868." An entry in the minute book of the proceedings of the council stated that the bids were opened on the evening of May 18th, 1868.

*Held,* on demurrer to the transcript, on appeal from a precept issued for the collection of an assessment for such improvement, that the notice was not legal, or published for a sufficient length of time.

SAME.—In such case the description of the property to be sold was as follows: "The west part of the west half of lot number one hundred and twenty-one, in the original plat of the city of Lafayette, bordering on said improvement forty-four feet."

*Held,* that this was sufficiently definite.

SAME.—Whether the improvement of a street be a first or second one, it is chargeable to the adjoining property; and the question whether the improvement remains in good condition, or a new improvement is needed, is a matter to be determined by the council.

From the Tippecanoe Common Pleas.

*J. A. Stein,* for appellant.

DOWNEY, J.—This was an appeal to the common pleas from a precept issued by the authority of the city council, for the collection of an assessment for a street improvement in favor of Underhill, one of the appellees, against the property of the appellant, Yeakel. In the common pleas, Yeakel demurred to the transcript, and his demurrer was overruled. He then filed an answer, consisting of a general denial and a special paragraph. The appellee filed a demurrer to the second paragraph of the answer, which was sustained by the court. There was a trial by the court, and a finding and judgment for the appellees.

Yeakel assigns as errors:

1. The overruling of the demurrer to the complaint, consisting of the transcript.

2. Sustaining the demurrer to the second paragraph of the answer; and,

3. Rendering judgment for the plaintiffs.

The first objection urged to the transcript is, that it does not show that the improvement was ordered by a vote of two-thirds of the members of the council. This must affirmatively appear, when, as in this instance, the improvement is ordered without a petition. *Moberry* v. *The City of Jeffersonville,* 38 Ind. 198; *Baker* v. *Tobin,* 40 Ind. 310. The transcript shows that the council consisted of twelve members; that two members were absent; that eight voted in favor of the ordinance, and two against it. Eight being two-thirds of twelve, the ordinance was legally passed.

The next objection urged is, that it does not appear from the transcript that the letting of the contract was properly advertised. The notice bears date May 13th, 1868, and states that bids will be received "up to Monday evening, May 13th, 1868." A copy of an entry from the minute book of the proceedings of the council states that the bids were opened on the evening of the 18th of May, 1868. In our opinion, the

notice was not legal, or published for a sufficient length of time. *The City of Logansport* v. *Puterbaugh*, 46 Ind. 550.

It is next urged that the description of the property to be sold is insufficient. This is the description: "The west part of the west half of lot number one hundred and twenty-one, in the original plat of the city of Lafayette, bordering on said improvement forty-four feet." We regard this as sufficiently definite. It is forty-four feet off the west side of the lot, if the end of the lot is next the street, or forty-four feet off the west end, if the side of the lot lies next the street. The plat will show how this is. *Id certum est, etc.*

The second paragraph of the answer relies upon the fact that the street had been previously improved, by the order of the city, at the expense of the property holders, that the old improvement still remained in good condition, and that, therefore, the new improvement was properly chargeable against the city, and not against the abutting property. We are of opinion, that this is a matter to be determined by the city council. Whether the improvement of the street is a first or second one, it is equally chargeable to the adjoining property. *City of Lafayette* v. *Fowler*, 34 Ind. 140.

The judgment is reversed, with costs; and the cause is remanded, with directions to sustain the demurrer to the complaint.