Filed Oct. 15, 1891.

---

No. 15,648.

## The City of Logansport *v.* Shirk et al.

Streets.—*Opening of.—Appeal to Circuit Court.—Transcript Constitutes Complaint.—Objection.—How Stated.—Recitals in Transcript.—Inconclusiveness of.*—In proceedings to open a street under section 3180, R. S. 1881, upon appeal to the circuit court the transcript constitutes the complaint, and the appellant must state specifically in writing the grounds of his objection to the proceedings of the common council and city commissioners, and no other question can be tried or heard, and "issues of law and of fact may be found, tried and determined as in other actions at law." Upon such an appeal, an issue of fact may be raised by an objection that the resolution to refer the matter of opening the street to the commissioners was not adopted by a two thirds vote of the common coun-

The City of Logansport *v.* Shirk *et al.*

cil, as required by law. The recitals in the transcript to the contrary are not conclusive.

SAME.—*City Commissioners.—Referring Back Report to.— What Reference is for.—Assessment of Additional Property.—Invalidity of.*—Under sections 3174 and 3189, R. S. 1881, which provide for the referring back of reports to the city commissioners, the reference is for the purpose of readjusting or changing the assessment, or amending or changing the report by the commissioners as to the persons, or property of the persons, previously notified of the proceedings, and it does not contemplate any action on the part of the commissioners which will affect other persons and property. An assessment of additional property by the commissioners upon such a reference is without any authority of law and void. The statute would be void if it had contemplated the assessment of the lands of other persons upon such a reference, for it makes no provision for the giving of notice to them. It is a statute which provides for the taking of private property for public use, and must be strictly construed.

From the Carroll Circuit Court.

*Q. A. Myers, M. D. Fansler, J. H. Gould* and *J. C. Nelson*, for appellant.

*L. Walker, W. B. McClintic* and *D. C. Justice,* for appellees.

OLDS, J.—The city of Logansport, on the 1st day of December, 1886, enacted a resolution by a vote of its councilmen, referring the expediency of laying out and opening a street, specifically described in the resolution, to be called Erie avenue, to the street committee of the common council.

The matter was reported by the committee as expedient to be referred to the city commissioners, and a resolution of reference to the city commissioners was passed by a vote of the council on December 15th, 1886.

Notice was issued by the clerk to and served upon the city commissioners. The city commissioners filed their preliminary report on January 28, 1887, pursuant to section 3168, R. S. 1881, and also their notice to the city clerk, pursuant to the same section, and notice was given to the parties named in the report as affected.

The city commissioners filed their second, and final, report May 7th, 1887.

At the regular session of the common council, of date June 1st, 1887, the final report was referred back, by the common council, to the city commissioners. The resolution of reference was in words and figures as follows:

" *Resolved,* That the report of the city commissioners upon the laying out and opening of a proposed street on and over the line of the former Wabash and Erie Canal be, and the same is hereby, referred back to said city commissioners for further action, and we suggest the propriety of increasing assessments of benefits to property-owners adjacent to the line of the proposed street, and also to take into consideration the advisability and legality of assessing other property with benefits than that adjacent to the line of the proposed street; and the commissioners are requested to meet at the council chamber of the city for further action, on the 14th day of June, 1889, at 10 o'clock A. M., which time is hereby designated for their meeting."

Upon the matter being referred back with the suggestion stated in the resolution, Taylor, who was one of the city commissioners and who was interested in a parcel of ground lying within one square of one of the *termini* of the proposed street, declined to act further, and never afterwards met with the other four, and did not take any further part in the matter.

The other four commissioners met pursuant to the resolution of reference, and after having gone over the matter anew filed a supplemental report on the 8th day of July, 1887, in which they reported other lands than those originally reported, as affected by the proposed improvement, and, among others, the lot of said Taylor; and thereupon adversary proceedings were taken against him by personal notice of the intended assessment against him and his lot as well as against the others reported as affected, and upon the termination of the statutory period of notice, the other

four commissioners met pursuant to the notice filed by them with the city clerk, and the notice given the property-owners by the clerk, and proceeded to and did assess various persons, including Taylor, with benefits, whose lands were not adjacent to the line of the proposed street, and filed their final report on the 21st day of September, 1887. This report was accepted and approved by the common council, and the appropriation made by resolution of September 21st, 1887. Thereupon the appellees filed appeal bond. Taylor is not one of the appellees.

In the Cass Circuit Court appellees filed thirty-six several objections. The venue of the cause was then changed to Carroll county. Afterwards two additional objections were filed.

The appellant filed a motion to strike out each of the objections; also filed separate demurrers to each objection.

The court overruled the motion to strike out as to each objection, and the question was saved by bill of exceptions.

The court also overruled the appellant's demurrer to the second, fifth, seventeenth, twenty-fourth, thirtieth, thirty-first, thirty-seventh and thirty-eighth objections.

The second and twenty-fourth objections were then withdrawn by agreement. The appellant then filed a reply in three paragraphs.

The appellees demurred to these replies, and the demurrers were sustained, and the appellant excepted, and judgment was rendered against the city.

Errors are assigned on the rulings of the court. The fifth and seventeenth objections involve the same legal question.

The fifth objection reads as follows:

"*Fifth.* Because said common council of said city never submitted the matter of the laying out and opening said Erie avenue to the city commissioners of said city by a two-thirds vote of said common council." And the seventeenth reads as follows:

"*Seventeenth.* Because the resolution of the common coun-

cil of said city, adopted June 1st, 1887, referring the report of said city commissioners, dated May 6th, 1887, back to said city commissioners for further action, was not passed by a two-thirds vote of said common council."

As to the fifth objection the transcript contains this entry :

"And be it further remembered, that, on the 15th day of December, 1886, the same being a regular session of the common council of the city of Logansport aforesaid, held in the council chamber of said city, present the mayor, clerk and following councilmen, being nine of the ten councilmen of said city, to wit : Messrs. Holbruner, Gleitze, Schaffer, Wilson, Hanson, Palmer, Tomlinson, McNary and Hoffman, the following proceedings, among others, were had and entered of record in Record L, page 389, of the records of said council, to wit : Mr. Wilson submitted the following resolutions : *Resolved,* That the matter of expediency, etc., * * * which was adopted by the following vote : Yeas—Holbruner, Gleitze, Schaffer, Wilson, Hanson, Palmer, Tomlinson, McNary and Hoffman."

And as to the seventeenth objection there was the following entry :

"*And be it further remembered,* That, on the 1st day of June, 1887, at a regular session of the common council of the city of Logansport, county of Cass, State of Indiana, Mayor Nelson presiding, present the clerk and the following members of the council of said city, to wit : Holbruner, McKeever, Schaffer, Wilson, Hanson, Palmer, Tomlinson, Winters, Peters and Hoffman, being all the councilmen of said city, the following proceedings, among others, in figures and words, were had and entered of record in Record L, p. 516, of the council records of said city, to wit : Mr. Tomlinson submitted the following resolution, * * * which was adopted by the following vote : Yeas—Holbruner, Schaffer, Wilson, Hanson, Tomlinson, Winters, Peters and Hoffman. Nays—McKeever and Palmer."

The statute, section 3180, R. S. 1881, provides that in

this class of cases the transcript shall constitute the complaint, and that upon appeal to the circuit court "the appellant shall, in writing, state specifically the grounds of his objection to the proceedings of the common council and commissioners; and no other questions shall be tried or heard, except such as are with certainty to a common intent presented by the aforesaid written statement filed by such appellant." It further provides that "Issues of law and of fact may be formed, tried, and determined as in other actions at law." At the time these references were made to the city commissioners, the appellants, in the court below were not parties to the proceedings. The presumptions are in favor of the regularity of the common council, but their record is not conclusive as against the persons assessed, and it may be controverted. *City of Louisville* v. *Hyatt*, 36 Am. Dec. 594. In this case the persons appealing join issue on the fact as to whether or not the references were made to the city commissioners by a two-thirds vote of the common council of the city; they join this issue in the manner provided in the statute, section 3180, *supra*, by stating specifically their objection to the proceedings. It is an issue allowed to be joined by this statute, and the statute does not require the objection to be sworn to. It is true this record shows there were ten councilmen present at one time, and nine of the ten at another, but it is specifically held in the case of *Moberry* v. *City of Jeffersonville*, 38 Ind. 198, that the court has no judicial knowledge of the number of wards into which a city is divided, and, even if this were not true, it is a fact upon which an issue may be joined as to whether the reference was made by a two-thirds vote. *Prima facie* the record may establish it; but this is not conclusive. The objection was a proper pleading, joining an issue of fact, and the motion to strike out objections five and seventeen was properly overruled, as was the demurrer to such objections.

As to the other objections, they all relate to the proceedings subsequent to the filing of the first report of the city

commissioners, assessing benefits, and, it seems to us, all that it is necessary to say is that sections 3174 and 3189, R. S. 1881, provide for the referring back of reports to the city commissioners; section 3174 providing that such report may be referred back, with such suggestions as the common council may deem proper, and the commissioners shall meet and proceed as provided in section twenty-three of the act, being section 3189, *supra.* The latter section provides for the meeting of the commissioners, and that of the action of the common council, and of the time of meeting of the commissioners, the parties interested shall take notice, without any notice whatever being served upon them.

This reference evidently is for the purpose of readjusting or changing the assessment, and amending or changing the report by the commissioners as to the persons and the property of the persons previously notified of the original proceedings, and it does not contemplate any action on the part of the commissioners which would affect other persons and property, as it does not contemplate the giving of notice to other persons, and the assessing of additional lands or the lands of other persons than those having notice of the original proceedings; and the statute would be void if it did contemplate the assessment of the lands of other persons, for it makes no provision for the giving of notice to them. This statute provides for the taking of private property for public use, and such statutes are to be strictly construed. *Town of Marion* v. *Skillman*, 127 Ind. 130.

The action of the commissioners in assessing the additional property on the matter being referred back to them is without any authority of law and is void. The proper conclusion was reached and judgment rendered under the facts as disclosed by the record, and it is immaterial by what method it was arrived at. The proper conclusion having been reached the judgment will not be reversed.

Judgment affirmed.

Filed Oct. 16, 1891.