## ANTHONY *v.* WILLIAMS ET AL.

PLEADING.—*Town.*—*Complaint for Street Improvement.*—*Demurrer.*—The sufficiency of a complaint by a contractor to recover for grading and gravelling a street in an incorporated town, in reference to matters occurring prior to the making of the contract, may be tested by demurrer.

SAME.—Such complaint must show, except where the street improved is "around" the public square, that the improvement was asked by a petition signed by a majority of the property owners; that specifications were prepared showing the kind, quantity, and location of the work to be done; that proposals to do the work were advertised for; that a contract to do the work according to the specifications was entered into; that the work was done according to the contract; that the amount of the contract price was estimated to the different tracts of ground bordering on the street improved; that the board of trustees required the owners to pay the amount so estimated; and that the owner complained of failed or refused to pay the same within ten days after the date of such estimate.

From the Blackford Common Pleas.

*C. E. Shipley,* for appellant.

*W. March,* for appellees.

BUSKIRK, C. J.—This was an action by the appellees against the appellant. The appellees were contractors for grading and gravelling Water street in the town of Hartford City. Appellant is averred to be the owner of three several pieces of ground abutting on said street.

A demurrer was overruled to the complaint, and an exception taken.

The appellant answered in three paragraphs. A demurrer was sustained to the third, and appellant again excepted.

There was a reply in denial, trial by the court, finding for

appellees, motion for a new trial overruled, and judgment on the finding.   The errors assigned are :

1. The court erred in overruling demurrer to the complaint.

2. The court erred in sustaining demurrer to the third paragraph of answer.

3. The court erred in overruling motion for a new trial.

Did the court err in overruling the demurrer to the complaint?   The proceedings are under an act approved April 27th, 1869, to enable incorporated towns to lay out, open, grade, and improve streets, etc.   3 Ind. Stat. 126.   The provisions of sections 8, 9, and 10 of said act are very similar to sections 68, 69, 70, and 71 of the city charter.   3 Ind. Stat. 98, 99, 100, 101, 102, 103, and 104.   Section 8 requires a petition by a majority of the resident owners, etc.   Section 68 requires a petition of two-thirds of such owners, etc. Section 9 provides for estimating the costs of making improvements, etc.   Section 69 provides the mode of estimating the cost of any improvement in a city.   Section 10 provides the remedy for enforcing the payment of such estimate.   The remedy is by action in the name of the contractors.   Section 70 provides the mode of making estimates, and section 71 gives the remedy for enforcing payment.   The remedy is by a precept.   Section 10 contains the same proviso as section 71, "that no question of fact shall be tried which may arise prior to the making of the contract for the said improvement under the order of the council."

It was held by this court in *McEwen* v. *Gilker,* 38 Ind. 233, that the sufficiency of the complaint in reference to matters occurring prior to the making of the contract might be tested by a demurrer, and we think the same rule should be applied in the present case.

It is not averred in the complaint under examination, that any petition for such improvement was signed by a majority of all the resident owners of lots or lands bordering on said street, to be estimated by numbers or by measuring the front lines of such lots or parcels of land (*The I., P. & C. R. R. Co.*

v. *Ross, ante,* p. 25,) and presented to the board of trustees, or was acted on by said board; nor is it averred that said Water street is situated "around the public square in said town." Nor is it averred that there was any advertisement for proposals to do the work.

The complaint does not show that the board of trustees adopted any sufficient specifications, regulating the kind, and manner, and extent of such improvement.

Nor does it appear that any valid contract was made for doing the work. What is relied upon in the complaint as constituting a contract is an offer on the part of the appellees to do the work and an acceptance of the offer by the board. The offer does not specify what work is to be done, nor does the acceptance. The price is fixed for excavation, for filling, for grading; and the work to be done is to grade and gravel Water street; but how, to what extent, or in what manner, or who shall decide where or how to cut or fill, or how much gravel was to be put on the street, are not specified or in any manner provided for.

In every case where an incorporated town seeks to improve the streets within its limits at the expense of the parties whose lots border upon the street, except in the case of a street "around" the public square, there must be a petition signed by a majority of the property owners upon which to base the action of the board; there must be specifications sufficient to show the kind, and quantity, and location of the work to be done; there must be an advertisement for proposals to do the work; a contract to do the work according to the specifications must be entered into; the work must be done according to the contract, and the amount of the contract price therefor must be estimated to the different tracts of ground bordering on the street improved; and the board must require the owners of those tracts to pay the amount so estimated, and upon the failure or refusal of the owners of such lots or parcels of land upon which such estimates have been made, for the space of ten days after the date of such estimate, the contractors may immediately bring suit

and recover, against the owners of such lots or parcels of land, the amount of such estimates. These are the essential requisites of the statute, and, in our opinion, should be substantially averred in the complaint; for otherwise there is no protection to the owners of property in incorporated towns. See sections 8, 9, and 10, 3 Ind. Stat. 128, 129; *The Town of Covington* v. *Nelson*, 35 Ind. 532; *The City of Delphi* v. *Evans*, 36 Ind. 90; *McEwen* v. *Gilker*, 38 Ind. 233; *Moberry* v. *The City of Jeffersonville*, 38 Ind. 198; *Baker* v. *Tobin*, 40 Ind. 310; *Stewart* v. *The City of Jeffersonville*, 41 Ind. 153.

There are other questions discussed by counsel, but it will be time enough to consider such questions when there is a complaint which shows a cause of action.

The complaint, in our opinion, is fatally defective, and for the error of the court in overruling the demurrer thereto the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.