## MOORE ET AL. *v.* CLINE.

TOWN.—*Street Improvement.—Action to Recover for.—Pleading.*—Where, in an action by a contractor, against the owner of property fronting on a street in an incorporated town, which has been improved by grading or gravelling, to recover the amount of benefits estimated as having resulted to such property by such improvement, the complaint fails to allege that proper specifications of the work had been adopted by the board before letting the contract for such work, or that such contract had been let upon specifications previously adopted by the board, or the time and manner of the advertisement for proposals given, or that the board had required the defendant to pay the amount of his estimate, it is insufficient on demurrer.

SAME.—*Exhibit.*—Exhibits attached to such complaint, consisting of copies of the petition for such improvement, the record of the action of such board thereon, and of other documents connected therewith, can not be looked to in determining the sufficiency of the complaint.

From the Blackford Circuit Court.

*W. H. Carroll*, for appellants.

*B. G. Shinn*, for appellee.

NIBLACK, C. J.—This was an action by the appellee, against the appellants, to recover a proportionate share of the estimated value of certain street improvements.

A demurrer to the complaint was overruled, and, issue being joined, the cause was submitted to the court for trial. The trial resulted in a finding and judgment for the plaintiff.

The complaint alleged, that the defendants were the joint owners of certain described real estate, consisting of two lots in the town of Hartford City, in the county of Blackford, in this State, adjoining and fronting upon Jefferson street in said town, and then proceeded to state, "that said town, being duly incorporated under the general law of the State of Indiana for the incorporation of towns, etc., and a petition having been presented to the board of trustees of said town, signed by a majority of the resident owners of lots and parcels of ground bordering and abutting upon Jefferson street, in said town, between the crossing of Washington street and the crossing of the Columbus, Chicago and Indiana Central Railroad, asking said board to pass an ordinance requiring said street to be graded and gravelled between the above named points, a copy of which petition is filed herewith and made a part hereof; and said board having granted the prayer of said petition, said town, by its board of trustees, passed an ordinance, a copy of which is filed herewith and made a part hereof, requiring said Jefferson street to be graded and gravelled from the crossing of Washington street south to the Columbus, Chicago and Indiana Central Railroad, that being a distance of more than one square, and, after having advertised to receive proposals therefor, a copy of which advertisement is filed herewith and made a part hereof, let the contract for grading and gravelling said street to plaintiff, he being the lowest and best bidder therefor. A copy of plaintiff's bid, and of the order of said board of trustees awarding said contract to him, are filed herewith and made a part hereof.

"Plaintiff further alleges, that, pursuant to said contract, he graded and gravelled said street, in accordance

with the specifications contained in said ordinance, and within the time required therein, and that, where such grading and gravelling were done, the aforesaid real estate of defendants adjoined and fronted on said street, the lot first named a distance of sixty (60) feet, and the lot last named and described a distance of ninety-two (92) feet; that, after said work had been completed and accepted by said board of trustees, a copy of the order of said board, accepting said work, being filed herewith and made a part hereof, and more than ten days before the commencement of this action, said board of trustees caused an estimate to be made of the entire cost of said improvement and of the cost thereof per lineal foot and of the amount to be assessed against each lot and parcel of ground bordering on said street, a copy of which estimate is filed herewith and made a part hereof; that by said estimate it was ascertained that the cost of said improvement per lineal foot was 63 cents; that of said estimated cost the defendants are liable to pay one-half, to wit, $31\frac{1}{2}$ cents per lineal foot, making the aggregate of the assessment upon defendants' lots forty-seven and $\frac{58}{100}$ dollars, which amount, with interest thereon from the 10th day of January, 1874, is due and owing from defendants to plaintiff, and which the defendants fail and refuse to pay."

The plaintiff demanded judgment, and that the amount of the judgment should be decreed to be a specific lien on the lots described in the complaint, and a specific lien, as demanded, was made a part of the judgment in the cause.

· The only error assigned is upon the sufficiency of the complaint.

· It has been several times decided by this court, that exhibits which are not the foundation of the action or defence, as in this case, do not become a part of a pleading by being filed with it, and that the contents of such exhibits can not be considered to supply any omissions

in, or to aid in the construction of, the averments in the pleading with which they are filed. *Wilkinson* v. *The City of Peru, ante,* p. 1, and cases there cited.

We must, therefore, judge of the sufficiency of the complaint by the facts alleged in the body of it, unaided by the exhibits accompanying it.

The statute under which this proceeding was instituted was construed by this court in the case of *Anthony* v. *Williams,* 47 Ind. 565.

In that case it was said, that, "In every case where an incorporated town seeks to improve the streets within its limits at the expense of the parties whose lots border upon the street, except in the case of a street "around" the public square, there must be a petition signed by a majority of the property owners upon which to base the action of the board; there must be specifications sufficient to show the kind, and quantity, and location of the work to be done; there must be an advertisement for proposals to do the work; a contract to do the work according to the specifications must be entered into; the work must be done according to the contract, and the amount of the contract price therefor must be estimated to the different tracts of ground bordering on the street improved; and the board must require the owners of those tracts to pay the amount so estimated, and upon the failure or refusal of the owners of such lots or parcels of land upon which such estimates have been made, for the space of ten days after the date of such estimate, the contractors may immediately bring suit and recover, against the owners of such lots or parcels of land, the amount of such estimates. These are the essential requisites of the statute, and, in our opinion, should be substantially averred in the complaint; for otherwise there is no protection to the owners of property in incorporated towns." 1 R. S. 1876, p. 190.

Some of the material allegations of the complaint before us are presented by way of recital rather than as

separate and distinct averments, as is the better practice, and hence we have some difficulty in giving a satisfactory construction to some portions of the complaint; but it seems to us quite obvious that it is not sufficiently shown that proper specifications were adopted by the board before letting the contract for the improvements, nor that the contract was let upon specifications previously adopted, nor are the time and manner of the advertisement for proposals given, by which their sufficiency might be adjudicated upon. Neither is there any averment that the board of trustees required the defendants to pay the amount of money alleged to have been estimated against them.

For these reasons, without considering other objections urged against it, we are of the opinion, that the demurrer to the complaint ought to have been sustained, and that, as a consequence, the court erred in overruling it.

The judgment is reversed, at the costs of the appellee, and the cause remanded, for further proceedings, in accordance with this opinion.