## OVERSHINER v. JONES.

Town.—*Street Improvements.—Enforcement of Assessment.—Pleading.*—In an action by a contractor, against the owner of a town lot in an incorporated town, to enforce an assessment thereon for a street improvement, the complaint must aver that the essential requisites of sections 8, 9 and 10 of the act of April 27th, 1869, 1 R. S. 1876, pp. 893 and 894, authorizing the trustees of such town to cause such improvement to be made, have been complied with.

Same.—*Contract for Improvement must be Written.—Acceptance of Bid by Trustees not a sufficient Contract.—Presumption.*—Under the statute, the contract between the contractor and the town for the work contemplated by such improvement should be in writing ; and when the complaint does not aver that it is in writing, and no copy thereof is filed with the complaint, it will be presumed that it was not in writing, and the complaint will, therefore, be insufficient. The parol acceptance, by the board of trustees of the town, of the written bid of the contractor for the work, is not such a contract as the statute requires in such cases.

Same —*Averments as to Cost of Improvement.*—Under section 9, *supra*, the contractor should aver in his complaint, for the purpose of showing that the requirements of the statute have been complied with, and that the defendant's lot has been charged with no more than its just proportion of the cost of the improvement, the facts in regard to such cost, the whole length of the improvement, the length of the defendant's front line thereon, and that the cost thereof has been estimated to the different lots or parcels of land bordering thereon, and the owners thereof, in the ratio prescribed by the statute.

Same.—*Variance.—Written, not Evidence of Parol, Contract.*—Where, in a case of this kind, the contract declared upon for the want of an averment in the complaint to the contrary, is presumptively parol, the contractor's

written bid and the written acceptance of the same by the board of trustees, constituting, if a contract at all, a written contract, are not competent evidence of the contract declared on.

SAME.—An acceptance of a bid which contains no agreement by the contractor to perform the work according to the specifications, is not a valid contract.

From the Madison Circuit Court.

*C. L. Henry*, for appellant.

HOWK, J.—In this action, the appellee sued the appellant, in a complaint of but one paragraph, wherein he alleged, in substance, that on the 23d day of June, 1875, at a regular meeting of the board of trustees of the town of Elwood, in Madison county, Indiana, a petition, signed by a majority in number of the resident owners of lots and parcels of land bordering on that part of Main street to be improved, was presented to said board of trustees, asking for the improvement of Main street, from the place where Duck Creek crosses said street to the east end of the street, being more than one square in length, by the grading and gravelling of said street and sidewalks; that on the 3d day of August, 1875, at a regular meeting of said board of trustees, in pursuance of said petition, it was ordered by the board, that said street be improved by grading and gravelling the same, in a certain specified mode; that, before the letting of said work, notice was given by the clerk of said board for more than twenty days, by posting up written advertisements in five of the most public places in said town, that the board of trustees would receive bids for said improvement on the 31st day of August, 1875; that on the 24th day of August, 1875, the appellee made and delivered to said board his written bid to do said work, according to the specifications adopted by said board, at certain specified prices; that on said 31st day of August, 1875, the said board of trustees, at a regular meeting thereof then held, accepted and received the

appellee's said bid, and awarded the contract to the appellee, according to the terms of his said bid, as the lowest and best bidder therefor; that thereupon the said board entered into a contract with the appellee to do said work according to the specifications adopted by the board, at the prices specified; that thereupon the appellee entered upon said contract in good faith, and entirely completed the same, according to the specifications adopted by the board; that the work was accepted by the civil engineer, and his written report made to said board, on the 15th day of November, 1875; that on the 29th day of December, 1875, the said board of trustees caused a full and final estimate to be made by said civil engineer, for said improvement, and on the 11th day of January, 1876, the said board, at a regular meeting thereof, accepted and received the said work, and ordered that the said estimate thereof should be paid over to the appellee, a copy of which order was filed with and made part of the complaint; that the appellee was the owner of a lot, particularly described, in said town of Elwood, and fronting sixty-six feet on that part of said Main street so ordered to be improved, and the amount of said work assessed against the appellant's said lot was sixty dollars and six cents; that, at each of the said meetings of said board of trustees, a quorum was present, when any action was had in regard to said street improvement; that the appellant had failed and refused to pay said assessment, for more than twenty days after the date of said estimate and demand having been made for the same, and more than ten days before the commencement of this suit, a copy of which estimate was filed with and made part of the complaint, and that the said assessment against the appellant's lot was then due and wholly unpaid. Wherefore, etc.

To this complaint the appellant demurred, upon the ground that the facts stated therein were not sufficient to

constitute a cause of action, which demurrer was over-ruled by the court, and to this ruling the appellant except-ed, and then answered the complaint by a general denial thereof.

The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of sixty-four dollars and forty-eight cents.

The appellant's motion for a new trial having been over-ruled, and his exception entered to this decision, judgment was rendered by the court, on the verdict, and from this judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court :

1. In overruling his demurrer to the appellee's com-plaint ; and,

2. In overruling his motion for a new trial.

We will consider and decide the questions presented and discussed by the appellant's counsel, and arising under these alleged errors, in the order of their as-signment :

1. The proceedings of the board of trustees of the town of Elwood, which constituted the basis of the appellee's al-leged cause of action, were evidently intended to be had and held under and pursuant to the provisions of sections 8, 9 and 10 of "An act to enable incorporated towns to lay out, open, grade, and improve streets and alleys," etc., approved April 27th, 1869. 1 R. S. 1876, pp. 893 and 894.

These sections were very carefully considered by this court, in the case of *Anthony* v. *Williams*, 47 Ind. 565 ; in which case, in delivering the opinion of the court, Bus-kirk, C. J., said :

" In every case where an incorporated town seeks to im-prove the streets within its limits at the expense of the parties whose lots border upon the street, except in the

case of a street ' around' the public square, there must be a petition signed by a majority of the property owners upon which to base the action of the board; there must be specifications sufficient to show the kind, and quantity, and location of the work to be done; there must be an advertisement for proposals to do the work; a contract to do the work according to the specifications must be entered into; the work must be done according to the contract, and the amount of the contract price therefor must be estimated to the different tracts of ground bordering on the street improved; and the board must require the owners of those tracts to pay the amount so estimated, and upon the failure or refusal of the owners of such lots or parcels of land upon which such estimates have been made, for the space of ten days after the date of such estimate, the contractors may immediately bring suit and recover, against the owners of such lots or parcels of land, the amount of such estimates. These are the essential requisites of the statute, and, in our opinion, should be substantially averred in the complaint; for otherwise there is no protection to owners of property in incorporated towns."

The doctrine of the case cited has been approved and followed by this court in the more recent cases of *Moore* v. *Cline*, 61 Ind. 113, and *Anthony* v. *Cooley*, 61 Ind. 323.

Upon the authority of the cases cited, it seems to us that the complaint in the case at bar must be held to be insufficient, on the demurrer thereto for the want of facts. There is no averment in the appellee's complaint, that the contract between the town of Elwood and the appellee, under which he claimed the street improvement was made, was a written contract. In the absence of such an averment, and where, as in this case, a copy of the alleged contract has not been filed with, nor made a part of, the appellee's complaint, we are bound to presume that the con-

tract is not in writing. *Harper* v. *Miller*, 27 Ind. 277; *The Logansport, etc., Railway Co.* v. *Wray*, 52 Ind. 578; *Krutz* v. *Stewart*, 54 Ind. 178. In regard to the requirements of the statute providing for the improvement of the streets in an incorporated town, it may be said that the statute does not, in express terms, make it necessary that the contracts for such improvements should be in writing. This is so, certainly, and yet the provisions of the statute which authorizes the improvement of its streets by an incorporated town are such that it is necessarily implied thereby and therefrom, that contracts for such improvements must be in writing. The statute which authorizes incorporated towns to improve their streets does not differ materially, in its phraseology and requirements, from the provisions of the general law for the incorporation of cities on the subject of street improvements; and it has been held by this court, that the contracts of such cities for the improvement of their streets must be in writing. *The City of Indianapolis* v. *Imberry*, 17 Ind. 175; *Moberry* v. *The City of Jeffersonville*, 38 Ind. 198.

If it could be said, that the parol acceptance of the appellee's written bid for the work, by the corporate authorities of the town of Elwood, was in any sense a contract in writing, still it would not be a contract, on the part of the appellee, to do the contemplated work according to the specifications adopted by the town trustees. For in his written bid, by the terms of which alone he would be bound in the absence of any other contract, the appellee made no reference whatever to any specifications, which had been adopted by the trustees of said town for the improvement of said street. It seems to us, therefore, that the appellee's complaint in this case is radically and fatally defective, on the appellant's demurrer thereto for the want of sufficient facts, in this, that it failed to show that the appellee had entered into such a contract with the board of

trustees of the town of Elwood, for the improvement of Main street in said town, as the statute contemplates and requires in such cases.

We think, that the appellee's complaint was defective and insufficient on another ground. The statute provides that "the cost of any such improvement," as the one mentioned in the complaint, "shall be estimated according to the whole length" of the part of the street to be improved, "per running foot;" and "the owners of lots or parcels of land bordering on * * * * the part thereof to be improved, shall be liable to the contractors for their proportion of the cost of such improvement in the ratio of the first [front ?] line of lots, or parcels of land owned by them, to the whole improved line." 1 R. S. 1876, p. 893, sec. 9.

It seems to us, that the appellee should have averred in his complaint, for the purpose of showing that the requirements of the statute had been complied with, and that the appellant's lot had been charged with no more than its just proportion of the cost of the improvement, the facts in regard to the cost of the improvement, the whole length thereof, the length of the appellant's front line thereon, and that the cost thereof had been estimated to the different lots or parcels of land bordering thereon, and the owners thereof, in the ratio prescribed by the statute. The complaint did not contain an averment of any of these facts; and for the want of such averments, or their equivalents, we think that the appellant's demurrer to the complaint ought to have been sustained.

2. Having reached the conclusion that the court erred in overruling the appellant's demurrer to appellee's complaint, it is hardly necessary for us to consider or decide any of the questions arising under the second alleged error, namely, the overruling of the motion for a new trial. Among the causes for such new trial, assigned by the appellant, was the insufficiency of the evidence to sustain the

verdict; and this cause, we think, was well assigned. No evidence was introduced of any such contract, between the appellee and the board of trustees of the town of Elwood, as the one described in the complaint for the improvement of the street therein mentioned. That contract, as we have seen, was presumptively a parol contract, under the allegations of the complaint. On the trial, the appellee gave in evidence his written bid for the work, wherein he proposed to the board of trustees of the town of Elwood " to grade Main street, according to stakes set by engineer," for certain specified prices, and the order of said board of trustees, from its record, accepting said bid, as follows : " It is ordered by the board, that the bid of J. Jones be accepted and the contract awarded tó him." If these two items of evidence together constituted a contract, it was a contract in writing, and was not, therefore, the contract described in appellee's complaint. Nor was it such a contract as the statute required, in this, that the appellee did not bind himself therein to do the contemplated work, in accordance with the specifications adopted by the board of trustees. So that, in any view of the case, it seems very clear to us, that the appellee's evidence was utterly insufficient to show a valid, legal and binding contract between the appellee and the board of trustees, for the proposed street improvement; and, in the absence of such a contract, it is equally clear, we think, that the appellee did not have and could not acquire, under the terms of the statute, a legal demand against either the appellant or his lot, for any part of the cost of such street improvement.

Other questions, relating to the alleged insufficiency of the evidence, and to the errors, as claimed, of the court in its modification of certain instructions asked by the appellant, have been presented and discussed by his counsel, in their able and exhustive brief of this cause ; but, as they

may not arise again, we deem it unnecessary for us now to extend this opinion, in the consideration and decision of those questions. The court erred, we think, in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.