The Town of Tipton *v*. Jones.

——◆◆◆——

No. 7860.

THE TOWN OF TIPTON *v*. JONES.

TOWN.—*Street Improvement.*— *Contract.* —*Assessment.*—*Pleading.*—*Mandamus.*—A complaint against a town, in two paragraphs, alleged in each a contract for the improvement of a street at the expense of the adjacent property owners, the town to pay for street crossings, but plaintiff to receive nothing until laborers were paid. The *gravamen* of the first paragraph was, that the town had failed to make necessary orders for the sale of property, and so had deprived the plaintiff of a remedy against the owners; and of the second, that the town without cause ordered, and with threats of violence compelled, him to stop the work, depriving him of the benefits of the contract.

*Held*, that the first paragraph is insufficient, and the second good only for nominal damages, if for that.

.*Held*, also, that, if the town were compelled to make compensation for the work done, it could not reimburse itself by an assessment, and was

therefore not liable on account of the delinquencies alleged in the first paragraph.

*Held*, also, that the plaintiff's remedy was by *mandamus*.

*Held*, also, that the complaint is insufficient for the work done on cross-ings, for want of an averment that the laborers had been paid.

*Held*, also, that the second paragraph does not show that the contract was valuable or was valid, and if not valid the estimates could not have been enforced, and the plaintiff was not injured by the interruption.

SAME.—*Assignment of Contract to Trustee.—Pleading.*—An answer, that the plaintiff had in writing assigned his contract and all assessments and estimates made and to be made to another, who still held it, is good against an action upon the contract, but not against the tort alleged in the second paragraph, if actual damages were shown.

SAME.—It is no objection to the assignment of the contract, as between the parties to it, that the assignee was a trustee of the town, though he would not be permitted to make a profit out of it.

SAME.—*Statute Construed.—Cities.*—The restrictions found in the law whereby city officers are forbidden to purchase any bond, order, claim or demand against the city, or to have any interest in contracts for public improvements, are not found in the law concerning towns.

PRACTICE.—*Nominal Damages.*—There is no available error in sustaining a demurrer to a complaint good for nominal damages only.

From the Tipton Circuit Court.

*J. W. Robinson* and *R. B. Beauchamp*, for appellant.

*J. Jones*, for appellee.

WOODS, J.—This appeal is from a judgment in favor of the appellee upon a complaint in three paragraphs. The appellant saved exceptions to the decisions of the court in overruling demurrers for the want of facts to the first and second paragraphs of the complaint, and in sustaining a demurrer to the second paragraph of the reply.

We give so much of the pleadings as is pertinent and necessary to an understanding of the questions presented for decision. The complaint is substantially as follows:

1st. That on the 24th day of June, 1874, the defendant, by her board of trustees, under the authority conferred by the eighth section of "An act to enable incorporated towns to lay out, open, grade, and improve streets," etc., approved April 27th, 1869, made a contract (a copy of which is

filed) with the plaintiff, for the improvement of Jefferson street in said town ; that the plaintiff entered upon the performance of the work by him to have been performed under the agreement, and within the time limited by the agreement had performed work estimated by the defendant to be of the value of $1,804.64, and was at all times ready and willing to have performed the remaining part of the work, and to have completed the same within the stipulated time ; that by the agreement, and as shown by the said estimate, the owners of property bordering on the improvement were liable for the sum of $1,500, and the defendant for the sum of $304.64, which, though long past due, the defendant has hitherto wholly failed to pay ; that the defendant, by the acts hereinafter stated, deprived the plaintiff of the remedy provided by law for the enforcement of the collection of said sum of $1,500 from the property-holders liable therefor as shown by said estimate ; that is to say, the defendant's board of trustees, after making the estimate aforesaid, failed to record the same upon their record, failed to describe therein or upon their record the lots or parcels of land bordering upon said street and liable for said improvement, also failed to make any order requiring said property-owners to pay him the amounts for which they were severally liable, and by their authorized agents refused to allow him to proceed to the completion of said work. Wherefore, etc.

2d. That, on the 24th day of June, 1874, the defendant, by her board of trustees, made with the plaintiff the contract, a copy of which is filed herewith ; that he was, at all times, ready to perform said contract on his part, and did enter upon the performance thereof, furnished materials, excavated and removed a large part of the earth required to be removed, graded, gravelled and bowldered a large portion of said street, and was rapidly pushing said work to completion, when, on the 20th day of September, 1874, the defend-

ant, without any cause whatever, ordered him to stop said work, and, by force and personal threats of violence, prevented him from proceeding therewith, whereby he lost the benefits, profits and advantages which would have accrued to him under said contract, to his damage, etc.

Exhibit: "This agreement, made this June 24th; 1874, between Joshua Jones of the first part, and the Town of Tipton of the second part, witnesseth: That the said party of the first part does covenant and agree to grade, gravel and bowlder the gutters of Jefferson street, commencing," etc. * * * "Said amounts to be collected by the party of the first part, at his own expense, from the owners of the property bordering on said improvement, according to their respective number of feet, and from the Town of Tipton for any lot or lots owned by said town, and for crossings of streets or alleys, but payment thereof to be withheld so long as any sums remain unpaid to laborers employed by the contractor for work done in the prosecution of said improvement. * * The party of the first part agrees to perform the work according to the following specifications, viz.: * * * * To be finished on or before the 1st day of October, 1874, to the entire satisfaction of the civil engineer; and should said work not be finished by the time specified, and according to the above specifications, then the said party of the second part shall have the privilege and option of forfeiting this contract, and of reletting the same, and the party of the first part shall be responsible for all damages that may accrue by said failure to perform said work according to the contract. In testimony whereof," etc. Duly signed.

Fourth paragraph of answer: The defendant, for a further answer to the first and second paragraphs of complaint, says, that on the 3d day of November, 1874, the plaintiff, by his written agreement with William L. Berryman, did transfer and assign said contract with the defendant, together with all assessments and estimates made and to be

The Town of Tipton *v*. Jones.

made under and by virtue of said contract, to said Berryman; that on the——day of 1874, the defendant's board of trustees consented to and ratified said transfer and assignment, and that said contract, assessments and estimates, made and to be made thereunder, have not been reassigned nor retransferred to the plaintiff; wherefore the plaintiff has no interest in the subject of this action.  This answer is verified by the attorney for the appellant.

Second paragraph of reply:  For a second reply to the fourth paragraph to the defendant's answer, the plaintiff says that said William L. Berryman, at the time of the alleged assignment of said contract and estimate, was a duly elected, qualified and acting member of the defendant's board of trustees, and could not, therefore, take a valid assignment of said contract and estimate.

Counsel for the appellant claim "that the appellee, at the time of taking his alleged contract, was bound to take notice of the fact as to whether all the preliminary and incipient steps had been taken by the board of trustees; for, if they had not, the trustees could make no contract which would bind any one, not even the corporation;" and hence it results, as is claimed, that the first and second paragraphs of the complaint are each bad because it is not averred in either, "that any petition was ever presented to the board of trustees asking the making of the improvement; nor that the board of trustees ever in any way determined the number of the petitioners, if there were any, either by number or by measuring the front lines of lots on the street to be improved; nor that an ordinance for the improvement of the street was adopted by the board; nor that the letting of the contract was duly advertised."

The appellee, on the other hand, insists that the parties stood upon an equality in making the contract, and are alike bound by it; that no inquiry into facts or occurrences before the making of the contract is permissible; and that,

having made the contract with the appellee, the appellant is liable directly for the work done upon street crossings and in front of lots owned by the town or public, and indirectly for the remainder of the work, because of the alleged neglect and failure of the appellant to take the necessary steps to enable the appellee to collect the amounts assessed, and which ought to have been assessed, against the individual owners of lots.

In support of the last branch of his proposition, the appellee cites from 1 Dillon's Mun. Corp., sec. 402 (3d ed., sec. 482), the following: "It has been asserted that where the expense of making a local improvement is not to be raised by a general tax, but solely upon the property benefited, that a *failure of the corporation*, though it is only the agent of the owners to be assessed, *to discharge its duty*, by making the necessary assessment, or its unreasonable delay in collecting and paying over the money, gives the contractor a right to recover his compensation in an action against the corporation." But, upon this assertion of liability of the corporation, the author, in the same section, makes the following comment: "The right to a general judgment should, in our opinion, be limited, in any event, to cases where the corporation can afterwards reimburse itself by an assessment. For why should all be taxed for the failure of the council to do its duty in a case where the contractor has a plain remedy, by *mandamus*, to compel the council to make the necessary assessment and proceed in the collection thereof with the requisite diligence?" This, in our judgment, expresses the rule which ought to govern in such cases.

There is no statute under which the appellant corporation could reimburse itself, if compelled to pay to the appellee the assessments in question, and no principle of law or equity has been suggested, by which it is claimed that such result could be accomplished. Without reference, therefore, to the other objections suggested, we hold, on this

ground, that the first paragraph of the complaint is insufficient in so far as it is attempted to charge the appellant with negligence, and with failure to perform its duty toward the appellee, in the particulars specified.

The paragraph contains an averment that the defendant was liable, under the contract, for the sum of $304.64, but the allegation is no more than the statement of a conclusion. The design of the pleader was probably to show that, of the assessment alleged to have been made, that sum was assessed against the town for work done upon the street crossings, or elsewhere, for which the town was bound, under the contract, to pay. If, however, the allegations in this respect were deemed sufficient, there is still wanting, in order to show a cause of action on this account, an averment that nothing remained due and unpaid to laborers, employed by the contractor, for work done in the prosecution of said improvement. By the terms of the contract, payment should "be withheld so long as any sums remained unpaid to such laborers."

The second paragraph of the complaint involves the question whether the town corporation can commit such a tort as is charged, or whether the liability is not solely upon the individual who professed to represent the town in the transaction complained of. Counsel have not discussed, and we need not decide, this question. This paragraph, if it be sufficient, is good for nominal damages only. It does not seek to recover for work done under the contract, nor does it show that any work had been or remained to be done, for which the town was liable to pay. The effort is to recover damages for the wrong done by the town in stopping the work, and forcibly preventing its completion by the plaintiff, the alleged basis of damages being "the lost benefits, profits and advantages which would have accrued to him under said contract."

Now, conceding, as probably must be conceded, that, as between the plaintiff and the town, it was not incumbent on

the plaintiff to allege that the preliminary steps necessary to the making of such a contract had been taken, in order to enable him to enforce the contract against the town, in respect to any direct liability of the town under the contract, it is to be observed, that, in this paragraph, the action is not based upon the agreement. No breach of it by reason of failure to pay, or to do anything required of the town, by its terms, is alleged. The tortious interference of the town, whereby the appellee was prevented from performing the contract, on his part, is the *gravamen* of the charge; and it is not shown that, if permitted to go on and finish the work, the appellee could have realized any benefits, profits or advantages, or that, by being stopped when he was, he suffered any substantial injury. Unless his contract was a valid one, he could not have enforced the payment of the assessments made, or to be made, under it, and the interference of the defendant, instead of causing him damage, prevented his suffering loss.

It is well settled that unless the necessary steps have been taken, in such cases, in order to the making of a valid contract, the property-holder may successfully resist the payment of all assessments made against him or his property. *Moore* v. *Cline*, 61 Ind. 113; *Anthony* v. *Cooley*, 61 Ind. 323; *Merrill* v. *Abbott*, 62 Ind. 549; *Overshiner* v. *Jones*, 66 Ind. 452; *Smith* v. *Duncan*, *ante*, p. 92.

The inference seems to be inevitable, that, in order to have established that he had suffered a substantial injury by having been interrupted in the performance of his contract, the plaintiff ought to have shown, not only that his contract was a profitable one, but also that it was validly made. Indeed, if it was not so made, he was liable to have been enjoined, at the instance of an interested party, against performing it. *Case* v. *Johnson*, 70 Ind. 31; *Macey* v. *Titcombe*, 19 Ind. 135. And it was no substantial cause for complaint, if, in obedience to the order, or on account of the violent threats

of the appellant, he refrained from completing a work which he might lawfully have been restrained from commencing. There is no available error either in sustaining or overruling a demurrer to a complaint which is good for nominal damages only. *Axtel* v. *Chase, ante*, p. 74, and cases cited.

Conceding the second paragraph of the complaint to be good, the second paragraph of reply is good upon the theory that any reply is sufficient for a bad answer. The fourth paragraph of answer, to which it is addressed, is pleaded as a defence to both the first and second paragraphs of the complaint; but it does not show a defence to the second paragraph. That paragraph, on the assumption that it was good, entitled the appellee to recover nominal damages for the alleged tortious interference with the appellee's prosecution of his work under the contract; and the fact that the appellee afterwards transferred the contract, and all rights and claims under it, to another, is no ground of defence against the alleged tort.

To the first paragraph of the complaint, which is based upon the contract, the answer would be good if addressed to that alone, and, in that case, the reply would not be good. It is not for the appellee, after transferring his contract, and his rights and claims under it, to Berryman, to say that Berryman, by reason of being a member of the town board of trustees, could not receive a valid assignment.

In the act concerning cities, 1 R. S. 1876, p. 267, it is provided in section 52, that "No officer of such city shall purchase any bond, order, claim or demand whatever against such city during his continuance in office for any sum less than the amount specified therein, and any bond, order, claim or demand purchased by any officer of such city in contravention of the foregoing provisions, shall be forfeited to such city, and no action shall ever be maintained thereon." And section 69 of that act contains a proviso, "That all contracts made by any city, or by any officer under the au-

thority thereof, for public improvements or otherwise, in the profits whereof any officer of such city shall be interested, directly or indirectly, shall be void." If these provisions were applicable to the officers of a town, it would not follow that the assignment under consideration was void as between the appellee and Berryman; and what effect, if applicable, they might have upon the rights of Berryman, against the town, by virtue of the assignment, it is not material now to consider. These provisions, however, do not in terms embrace town officers, and except as the principles of the common law concerning agents and trustees may apply, no rule of law or equity, nor any statutory provision, of a like character and applicable to the officers of towns, has been brought to our attention. By the general principles of law, the assignment in question is neither void nor voidable, unless possibly under supposable circumstances at the instance of the town; but the assignee, being a trustee of the town, would not be permitted to make for himself a profit out of the transaction.

We need not consider the motion for a new trial.

The judgment is reversed, with instructions to sustain the demurrers to the first and second paragraphs of the complaint.