No. 8756.

BUDD v. KRAUS.

79 137
147 689

CONTRACT.—*Grading Street.—Trustees of Town.—Complaint.*—A complaint by a contractor against a property owner, to recover an assessment made against him by the trustees of a town for grading the street whereon his property abuts, must be founded upon a written contract and set forth the original or a copy thereof.

SAME.—*Bond.—Copy.*—In such case a copy of the contractor's bond is not a sufficient substitute.

Budd v. Kraus.

SAME.—*Presumption.*—*Parol.*—A contract not appearing to be in writing must be presumed to be by parol.

SAME.—*Estoppel.*—*Silence.*—Mere silence of a property owner having knowledge that work was being done, and failing to object and prevent it by injunction,'will not estop him to contest an assessment against him, made without any contract.

SAME.—*Work Accepted.*—*Trustees.*—In such case the contractor can not be heard to allege that the property owner received and accepted the grade. The trustees of the town alone could do that.

From the Dubois Circuit Court.

*J. F. Dillon* and *C. H. Dillon*, for appellant.

*M. B. Williams* and *B. Buettner*, for appellee.

BICKNELL, C. C.—This was a suit by the appellant against the appellee, to recover an assessment by the trustees of the town of Jasper for the grading of Main street.

A demurrer to the amended complaint for want of facts sufficient, etc., was sustained, and judgment was rendered thereupon against the appellant, who now assigns error in sustaining said demurrer.

The first question is, Must a contract by the trustees of an incorporated town, for the grading of a street, be in writing?

In the case of *Overshiner* v. *Jones*, 66 Ind. 452, this court held that, under the provisions of the statute, sections 8, 9 and 10, of chapter 267, 1 R. S. 1876, p. 893, contracts for such improvements of streets must be in writing. The court said: "There is no averment in the appellee's complaint, that the contract between the town of Elwood and the appellee, under which he claimed the street improvement was made, was a written contract. In the absence of such an averment, and where, as in this case, a copy of the alleged contract has not been filed with, nor made part of, the appellee's complaint, we are bound to presume that the contract is not in writing."

The case last cited strongly resembles the case at bar. In the former there was a written bid for the work; in the latter there was a verbal bid, alleged to have been accepted; but this bid and acceptance are not counted upon as constituting the contract. The only substantial difference between

the two cases is that the complaint in the case at bar gives the specifications of the work and contains the following averment, to wit: "That the said plaintiff thereupon entered into a written contract with the board of trustees of said town to do said work, etc.; that said contract was duly signed by said plaintiff, together with his sureties, and by the board of trustees, and that a copy of said contract is filed herewith and made part of this complaint, marked Exhibit A." Said Exhibit A, however, is not the contract. It is merely a bond, given by the appellant to the town of Jasper, with a condition that whereas the appellant has been awarded the contract for the grading of Main street, from Second to Sixth street, in said town, the bond shall be void if the appellant shall fulfill said contract. Exhibit A is not the contract on which the assessment was made; it is a bond for the performance of a contract, which contract does not appear to have been in writing, and therefore must be presumed to have been by parol. *Harper* v. *Miller*, 27 Ind. 277; *The Logansport, etc., R. W. Co.* v. *Wray*, 52 Ind. 578; *Krutz* v. *Stewart*, 54 Ind. 178. And the work referred to in the contract mentioned in the bond is the improvement of Main street, between Second and Sixth streets; whereas the work specified in the petition of the lot owners, and stated in the complaint, is the improvement of Main street, between Second street and the public square.

But whatever may be the terms of a bond, given merely to secure a contract, it is not the contract itself, and where the law requires a written contract, and that contract to be made a part of the complaint, the production of a bond to secure an unwritten contract, which bond is nothing more than the conditional promise of the principal and his sureties to pay damages, will not satisfy the law. The complaint was not sufficient, because it failed to show a contract in writing. *Anthony* v. *Williams*, 47 Ind. 565; *Moore* v. *Cline*, 61 Ind. 113; *Anthony* v. *Cooley*, 61 Ind. 323; *City of Indianapolis* v. *Imberry*, 17 Ind. 175; *Moberry* v. *City of Jeffersonville*, 38 Ind. 198; *Town of Tipton* v. *Jones*, 77 Ind. 307.

The complaint in such a case must show that the town had power to bind the defendant and had legally exercised it. *Moore* v. *Cline, supra;* *The Town of Covington* v. *Nelson,* 35 Ind. 532.

The complaint as amended contains the following state-- ment: "That the defendant resided on said street and was present during the time that the work was done, and made no· objection to the same, and said improvement benefited said defendant's property abutting on said grade, in the sum of $1,000, and said defendant received and accepted said grade." It is urged by the counsel of the appellee that these state-- ments show that the defendant ratified the action of the trus-tees and is estopped from contesting the assessment. There are cases in which it has been held that, where a contract has· been made for a street improvement, property owners can not stand by and see the improvement made without effort by in-junction to prevent it. *City of Lafayette* v. *Fowler,* 34 Ind. 140; *City of Evansville* v. *Pfisterer,* 34 Ind. 36; *Hellenkamp* v. *City of Lafayette,* 30 Ind. 192; *Palmer* v. *Stumph,* 29 Ind. 329. The statute provides that after work done under a con-tract no question of fact shall be tried that arose prior to the contract. 1 R. S. 1876, p. 894, section 10. But there can be no estoppel where the party asserting the estoppel was in no degree influenced by the acts or admissions pleaded in estop-pel. *Fletcher* v. *Holmes,* 25 Ind. 458. Nor unless the party insisting upon the estoppel did something upon the faith of the acts of the other party. *Cox* v. *Vickers,* 35 Ind. 27. Nor where the facts and the legal rights of the parties are or might have been equally known to both parties. *Foster* v. *Albert,* 42 Ind. 40; *Hosford* v. *Johnson,* 74 Ind. 479. The mere si-lence of the defendant could not make him liable to pay for an assessment made without any contract.

A land-owner who, with full knowledge and without ob-jection, permits another having equal knowledge to level and carry away his soil, may in some cases be estopped from claim-ing compensation therefor, but his mere silence will not make him liable to pay for the labor.

No principle of equity or good faith required the defend-.ants in the case at bar to object. The contractor was acting under authority paramount to him; he was acting under the trustees, without regard to the consent or objection of the defendant; the contractor knew or ought to have known, as well .as the defendant did, that, unless the trustees made a written contract, their assessment could not be enforced.   It does not .appear, nor is it alleged in the complaint, that the contractor was influenced in the slightest degree by the alleged inaction of the defendant. The allegation that the defendant received .and accepted the grade is mere surplusage; he had nothing to do with accepting the grade; he could not accept it; that was the business of the trustees.

There was no error in sustaining the demurrer to the amended complaint.   The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and it is hereby in all things affirmed, at the costs of the appellee.