## THE TOWN OF CLAY CITY v. BRYSON ET AL.

[No. 4,352.    Filed February 19, 1903.]

MUNICIPAL CORPORATIONS. — *Sidewalk Improvement.* — *Work Done by Town Marshal.*—*Lien.*—*Estoppel.*— An abutting lot owner failed to construct a sidewalk within the time fixed by an ordinance, and, pursuant to §4396 Burns 1901, the town marshal gave the proper notice and sought to let the contract for the improvement to the lowest bidder. There being no bidders, the marshal, by direction of the board of town trustees, procured materials, employed men, and constructed the sidewalk. The property owner stood by and allowed the work to be done without objection, but refused to pay for the same when completed. *Held*, in an action to enforce a lien for the improvement, that the town could not recover.

From Clay Circuit Court; *P. O. Colliver*, Judge.

Suit by the town of Clay City against Ida L. Bryson and another to enforce a lien for a sidewalk improvement. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. M. Rawley* and *T. W. Hutchison*, for appellant.
*G. A. Knight*, for appellees.

Comstock, J.—The court below sustained appellees' demurrer to appellant's complaint, and rendered judgment against appellant, from which it prosecutes this appeal. The only error assigned is based on this decision of the court below.

The complaint alleges, in substance, that the appellees, Ida L. and Richard Bryson, were the owners of a certain lot in appellant town; that the board of trustees of said town, by an ordinance duly adopted, ordered a sidewalk constructed adjacent to said lot, along a street upon which said lot abuts, specifying the kind of walk to be constructed and the time in which the same must be completed, and providing that if the owners of the lots abutting on the proposed sidewalk did not construct the same within the time specified, then the construction thereof would be let to the lowest bidder, after due notice thereof, by notices posted in said town; that the appellees were duly notified of the provisions of said ordinance, but failed and refused to comply therewith, and failed to construct the sidewalk within the time specified; that after the lapse of time in which it was required that said walk should be constructed, as aforesaid, the marshal of said town, pursuant to the order of the board of trustees thereof, duly advertised for bids for the construction of said walk; that diligent efforts were made to secure bidders, but that no one could be induced to bid on said work, and no bids were received on the work; that being unable to secure any one to bid on said work the board of trustees of said town, by proper resolution, ordered said marshal to procure material, employ men, and construct the sidewalk, which he did; that said sidewalk was constructed and completed in all respects in accordance with the specifications adopted therefor, and the labor and material were paid for by said town, and that said town has never been reimbursed for said expenditure, though often demanded from appellees. It is further alleged that said appellees, during the time said ordinance was being passed, and at

the time said work of grading and constructing said sidewalk was commenced, carried on, and completed, were well aware of all of said facts; that appellees stood by and allowed said work to be done without objection, knowing that said town was expending its money upon said improvement, and that their property was being benefited thereby; that the price paid for the construction of the said walk by said town was reasonable, and was as low a price as any contractor could have done the work for; that said lot of appellees has been benefited and enhanced in value in a sum equal to the cost of said work.

The action is based upon §§4394-4397 Burns 1901. Section 4396 provides how said work shall be done if the lot owner fails to do it within the time prescribed by the ordinance. It makes it the duty of the town marshal forthwith to let out the grading, paving, or planking of such walk to the lowest bidder, first giving ten days' notice by posting up written notices thereof in three public places in such town for that length of time; and when such grading, paving, or planking is completed said marshal shall report the same to said board of trustees, and the cost of such work shall be audited and paid out of the treasury of such town as other claims against said corporation are audited and paid. The next section (4397) provides how said costs shall be collected by proceedings to foreclose a lien on said property therefor. The complaint avers that the owners (appellees) did not perform the work within the time fixed by the ordinance. It avers that after the expiration of the time fixed for appellees to do the work the marshal advertised for bids, and no bids were received, and the trustees then ordered the marshal to do the work, and he did, and reported the cost to be $90.36, which appellant paid, and now seeks to enforce said claim against appellees and their property. These statutes do not authorize the trustees to direct the marshal to do the work after failing to receive bids.

They do not provide what shall be done in case no bids are received on the work.

The questions presented and discussed then on this appeal are: (1) Whether the action of the town in directing the performance of the work in disregard of the provision of the statute is a defense to the cause of action; (2) are appellees estopped to assert such defense under the facts alleged in the complaint?

Appellant was without authority to direct the marshal to do the work after a failure to obtain bids. The board of trustees of incorporated towns can exercise only the powers in respect to sidewalks or street improvements expressly conferred by statute. *Town of Marion* v. *Skillman,* 127 Ind. 130, 139, 140, 11 L. R. A. 55; *Case* v. *Johnson,* 91 Ind. 477, 491, 492; *Town of Tipton* v. *Jones,* 77 Ind. 307, 314; *Moore* v. *Cline,* 61 Ind. 113; *Anthony* v. *Cooley,* 61 Ind. 323; *Merrill* v. *Abbott,* 62 Ind. 549; *Overshiner* v. *Jones,* 66 Ind. 452; *Smith* v. *Duncan,* 77 Ind. 92; *Gas Light, etc., Co.* v. *City of New Albany,* 156 Ind. 406, and authorities cited; *Spaulding* v. *Baxter,* 25 Ind. App. 485, 493, 494.

There must be at least a substantial compliance with the statute, or the proceeding will be held "invalid, illegal, and void." *Case* v. *Johnson, supra; Wilson* v. *Poole,* 33 Ind. 443; *Moberry* v. *City of Jeffersonville,* 38 Ind. 198; *Merrill* v. *Abbott, supra.*

In the recent work of Smith, Munic. Corp., §1242, it is said: "In order to charge the owners of property with the cost of an improvement, the power must not only be expressly conferred by law, but the provisions of the law must be strictly pursued. The successive steps to be taken preliminary to ordering the work done, the manner of letting the contract and the mode of constructing the improvement, when provided for in the law, are intended for the protection of the property owner and are his safeguards against the exercise of arbitrary power. Each act required to be

done is essential to the exercise of the jurisdiction, and each must be rigidly pursued. The courts can not say that the omission of some requirement is unimportant or that an act different from that directed is substantially as good. The effect of the proceeding being to charge the property of the citizen with a burden for the public benefit, the requirements of the law as to the exercise of the power should be deemed mandatory." The footnote to this section cites many cases. See §1243, *supra*. See, also, §746, same work, in which it is said that, "where the law requires a contract to be let to the lowest bidder, and it is let without such bidding, the contractor can not recover," and cases collected in footnote.

The proposition of counsel for appellant is that under the statute the appellant had the right to make the improvement; it had jurisdiction of the subject-matter and of the appellees, and that by reason of such jurisdiction the decision of all other questions arising in the proceedings was but the exercise of jurisdiction; that the manner in which the work was done was a mere irregularity; that under such circumstances the owner who sees the improvement made, and offers no objection until the work is done, can not defeat the assessment upon the ground of irregularity. Numerous cases are cited for the purpose of sustaining the position. We do not deem it necessary to discuss them. The weight of the authorities requires a substantial compliance with the statute. The letting of the contract was essential to the exercise of jurisdiction. The complaint affirmatively shows that, in a proceeding under the statute to charge the property of the appellee with a burden for the public benefit, the requirements of the law as to the exercise of power were disregarded; no bids were made; no contract let.

It is claimed, under the averments of the complaint, that appellees, during the time said ordinance was being passed, and at the time the work was being done, were

aware of the facts, and stood by and allowed the work to be done without objection, knowing that the town was expending its money for the improvement, and that their property was being benefited thereby, etc., and that they can not now object to paying therefor.    To concede this claim of counsel would be to say that an estoppel can be founded on a void act of the party who invokes it.    Appellant knew, as did appellees, that it was acting in violation of the statute.    "The mere silence of the defendant could not make him liable to pay for an assessment without any contract."    See *Budd* v. *Kraus,* 79 Ind. 137, upon the question of estoppel.    The complaint is insufficient either to enforce a lien against appellees' property or recover a personal judgment.

Judgment affirmed.